**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joel Franklin LEVINE, Defendant-Appellant.**

**No. 14921.**

United States Court of Appeals Seventh Circuit.

Feb. 9, 1967.

George L. Saunders, Jr., Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Gerald M. Werksman, Asst. U. S. Atty., Chicago, Ill., Lawrence Jay Weiner, John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before KNOCH, CASTLE, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This case is before us for the second time on an appeal from the defendant Joel Franklin Levine's conviction of armed bank robbery, 18 U.S.C. § 2113(a) and (d), and a sentence of twenty-five years imposed on the conviction. On the first appeal we affirmed the conviction and sentence.[1] Thereafter a petition for a writ of certiorari was filed in the Supreme Court. The Court granted the writ[2] and entered the following order:

> The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated and the case is remanded for a full hearing.

After receiving the mandate of the Supreme Court, we permitted both the defendant and the Government to file supplemental briefs and heard reargument.

We have reconsidered all of the issues presented in the original and supplemental briefs and, after an examination of the entire record, conclude that the defendant's conviction should again be affirmed.

It would serve no purpose to repeat the résumé of the evidence which appears in our former opinion. The defendant cites no relevant evidence not contained

1. United States v. Levine, 354 F.2d 568 (7th Cir. 1965).

2. Levine v. United States, 384 U.S. 885, 86 S.Ct. 1973, 16 L.Ed.2d 1000 (1966).

in that résumé, and after having read the reporter's transcript we believe that it fairly summarizes the testimony adduced at the trial.

Essentially, the defendant challenges the judgment of conviction and sentence upon two grounds. First, he contends that the district court erred in admitting into evidence certain testimony showing the defendant's participation in the December 11, 1963 robbery of the same bank which was robbed on April 2, 1964, for which later robbery the defendant was convicted as an aider and abettor. Second, the defendant argues that his sentence was based upon unlawful considerations. We adhere to the treatment of these issues contained in our prior opinion, but with some elaboration.

## I.

The credibility of witness Hart, one of the two men who actually robbed the Alpine State Bank in Rockford, Illinois on April 2, 1964, depended in part upon the reason that the defendant Levine may have had for soliciting Hart, a young man employed by Levine, to drive the car for Levine's codefendant Smith during the robbery. In this connection, Hart testified:

Q. [W]as there any conversation about Levine's not driving the car on this occasion?

A. Yes, I asked him why they needed me; why didn't he drive. He said that he was afraid he would be recognized and he didn't want anything to do with the bank again.

As we indicated in our prior opinion, no objection was made to this testimony or to a similar incident related by Hart. The defendant contends that regardless of the absence of an objection the trial court erred in permitting these references to be submitted to the jury. In short, he maintains that they constituted plain error. We disagree. As we said before, in response to the argument in the defendant's original brief, the evidence was relevant. It was relevant to explain Levine's self-imposed limitation upon his own participation in the April 2 robbery through the solicitation of Hart.

■■ Now, in his supplemental brief, the defendant argues that the question of the admissibility of this testimony does not hinge upon a question of "bare" relevance. He says that the trial court should have weighed the probative value of such evidence against its prejudicial effect and excluded it, citing Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). In that case the Supreme Court permitted the cross-examination of the defendant's character witnesses as to an arrest allegedly occurring twenty-seven years previously. The case is clearly inapposite here, but the defendant relies upon a statement made by the Court in discussing the general inadmissibility of evidence of unrelated prior criminal acts to prove the crime charged. The Court noted the danger that evidence of such prior offenses may

weigh too much with the jury and * * * [may] so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice. Id. 335 U.S. at 476, 69 S.Ct. at 218.

In relying upon this statement in *Michelson*, however, the defendant ignores the widely recognized exception that evidence of prior criminal conduct is admissible when it is so related to the crime charged that proof of the crime charged incidentally encompasses other criminal acts. United States v. McCartney, 264 F.2d 628 (7th Cir.), cert. denied, 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83 (1959). The defendant has lost sight of the fact that some reference to the first robbery was an essential part of the testimony of the witnesses produced by the Government to prove the participants in the second robbery. In a situation of this kind neither the Government nor the trial judge has any choice but to permit the

facts to be disclosed. As the Government suggests, the defendant was not immune to conviction of the second robbery because he indicated that he committed the first. His statements to Hart, although prejudicial in the sense that all damaging testimony is prejudicial, were admissible because they were necessary to explain why Hart, a reluctant participant, should accompany Smith in the actual robbery and why the defendant, although engineering the robbery, should stay in the background.[3]

The record shows that after reading the indictment to the jury counsel for the Government were virtually forced by the trial judge to dismiss Count II, relating to the first robbery, because the Government's opening statement did not include a recital of the evidence upon which it relied to prove the charge. In this regard the judge was in error. The jury was told to disregard the reading of Count II and the defendant understandably raised no objection to its dismissal. The defendant now says that it was error to read the dismissed count to the jury, that doing so reflected a settled plot by the Government to prejudice the defendant by references to the first robbery. A windfall to the defendant may not be so lightly converted into plain error requiring reversal.

Next, the defendant argues that the jury demonstrated its improper consideration of the first robbery by requesting information during its deliberations as to the original meeting date between the defendant Smith and the defendant Levine in a Rockford hotel. He says that the question could only have relevance to whether he knew Smith at the time of the first robbery. But no such limited interpretation can be placed upon the jury's question, and we do not think that such speculation is warranted. The record shows that the evidence to which the jury's question related was introduced by the defendant himself. As the Government states, the jury's reasoning in analyzing this testimony and relating it to the other testimony in any manner it saw fit should not now be assailed.

Finally, the defendant claims that he was unfairly tried because the trial judge had a "settled opinion" that the defendant was guilty of the first robbery and that because of this opinion the judge permitted the challenged references to the earlier robbery to be admitted. Aside from the fact that no error was committed in admitting (without objection) the testimony, the claim is unfounded. The remarks of the district judge concerning the defendant's participation in the first robbery cited in the defendant's brief to support his argument were made after the judge had heard all the evidence, including an offer of proof relating to the first robbery tendered by the Government at the defendant's sentencing. To say that the judge did not exclude the challenged evidence sua sponte because he had a preconceived notion that the defendant participated in the first robbery is therefore a distortion of the record.

## II.

The defendant contends that the district judge abused his discretion in imposing the maximum sentence because the judge relied upon the defendant's "insistence upon his right to trial by jury and his decision to take the stand to testify." If the district judge had so acted, such exceptional circumstances might not permit the defendant's sentence to stand. United States v. Wiley, 278 F.2d 500 (7th Cir. 1960). But the record does not support this contention. It shows that the district judge considered many factors in sentencing the defendant, several of which would independently justify the sentence imposed, including the defendant's prior robbery conviction and his position as the

3. The Government's summation to the jury included references to Hart's testimony relating to the defendant's implication in the first robbery. These allusions by counsel were within the permissible scope of closing argument. Further, the defendant did not object to them.

"brains" behind the robbery charged. The comments of the judge relied upon by the defendant indicate only that the judge believed the defendant had committed perjury while testifying in his own behalf and may have considered this factor in imposing sentence.[4] In this respect the defendant's testimony might properly have been considered, not as punishment for the crime of perjury, but as a reflection of the character of the person before the court for sentencing. We have carefully examined the record and we are convinced that the district judge did not abuse his discretion in sentencing the defendant.

The judgment is affirmed.

Mr. George L. Saunders, Jr., a member of the Chicago Bar, deserves our appreciation for his representation of the defendant as court-appointed counsel in this appeal.

---

4. Prior to sentencing the defendant Smith, the district judge stated in part:

 [T]here are different considerations to a plea of guilty. There is one consideration if a man, when he is apprehended, shows repentance and cooperates from beginning to end. That is one situation. It is another situation after the investigation begins, if he finally realizes that he is in for trouble and begins to tell the truth. It is still another situation, even if he maintains his silence and denial of the true facts until the trial. * * * It is still another situation if a man continues and then takes the stand and commits perjury.

 Subsequently, prior to sentencing the defendant Levine, the judge stated in part:

 I have made up my mind on this matter and indicated it before that this defendant took the stand, denied complicity all the way through, and in my judgment committed perjury before this court. I cannot see any grounds for leniency at all, having in mind that he had already used a gun.