**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald D. SPENCER, Joseph Edward Stayner, and Willie Lee Nabors,**
**Defendants-Appellants.**

**No. 26496.**

United States Court of Appeals
Fifth Circuit.

June 6, 1969.

Rehearing Denied June 24, 1969.

Certiorari Denied Oct. 20, 1969.
See 90 S.Ct. 151.

George E. Cochran, Fort Worth, Tex., for Spencer.

Tim C. Curry, Curry & Curry, Fort Worth, Tex., for Stayner.

Ernest May, Fort Worth, Tex., for Nabors.

Eldon B. Mahon, U. S. Atty., Robert S. Travis, Asst. U. S. Atty., Ft. Worth, Tex. for appellee.

Before AINSWORTH and GODBOLD, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

During January, 1964, appellants Spencer, Nabors, and Stayner allegedly obtained the corporate name and premises of Riverside Lumber Co. (Riverside), a Fort Worth, Texas, business, after which the following conduct allegedly occurred. They ordered large quantities of building material on credit by telephone and mail. Their suppliers, relying on the credit of Riverside's former owner, shipped over $100,000 worth of goods. These materials were never paid for, and were sold, sometimes below cost, to various persons. Following a March 3, 1964, involuntary petition of bankruptcy, appellants attempted to remove building materials, sell them, and conceal the proceeds from the bankruptcy officials.

Thereafter Spencer was charged with two counts of violating federal bankruptcy laws. To the first count, that he concealed assets from the receiver and trustee in bankruptcy in violation of 18 U.S.C. § 152, Spencer, on April 2, 1968, pleaded guilty. Later he was sentenced to a term of three years imprisonment. The second count, that Spencer, in violation of 18 U.S.C. § 152, knowingly and fraudulently made a false oath in connection with the bankruptcy proceedings, was dismissed.

Stayner and Nabors were charged with seven counts of violating federal wire and mail fraud statutes. 18 U.S.C. §§ 1341, 1343. July 15, 1968, following a jury trial at which Spencer testified for the government, Stayner and Nabors were found guilty on all seven counts. Thereafter, Stayner was sentenced to a term of 18 months imprisonment on each count, and Nabors to a term of 30 months imprisonment on each count, both sentences to run concurrently.

Stayner and Nabors contend that the following paragraph, which is in each of the seven counts of the indictment, renders each of the counts duplicitous:

"It was a further part of said scheme and artifice that after an involuntary bankruptcy petition had been filed * * * the defendants would and did attempt to conceal and dispose of lumber, building products and other merchandise obtained from suppliers and proceeds derived from the sale of such lumber, building products and other merchandise, and would and did convert such lumber, building products and other merchandise, and the proceeds derived from the sale thereof to their own use and benefit, all with the intent to defraud suppliers."

In essence, Stayner and Nabors allege that this paragraph charges a violation of the bankruptcy laws as well as federal fraud statutes.

■ This contention is without merit because it overlooks the fact that by the very nature of the wire and mail frauds involved, the government must, of necessity, offer evidence of an attendant "scheme or artifice," 18 U.S.C. §§ 1341, 1343. As long as each count clearly sets forth the act(s) of mail or wire fraud involved, which was done here, merely describing the attendant scheme does not make the counts duplicitous. United States v. Crosby, 294 F.2d 928, 945 (2d Cir. 1961), cert. denied *sub nom.* Mittelman v. United States, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962).

■ Spencer's contention that the District Court, at the time it sentenced Spencer, considered certain unsworn statements of Nabors and Stayner, likewise is without merit. Nothing in the record indicates that the Court abused its discretion in sentencing Spencer, United States v. Levine, 372 F.2d 70 (7th Cir. 1967), cert. denied 388 U.S. 916, 87 S.Ct. 2132, 18 L.Ed.2d 1359 (1967).*

Affirmed.

---

* See also Rule 32(c) (2), which allows a wide variety of factors to be contained in the report of the pre-sentence investigation.