**Joel Franklin LEVINE, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 17647.**

United States Court of Appeals, Seventh Circuit.

Aug. 5, 1970.

Joel Franklin Levine, pro se.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for defendant-appellee; John Peter Lulinski, Jeffrey N. Cole, Joseph K. Luby, Asst. U. S. Attys., of counsel.

Before MAJOR, Senior Circuit Judge, KILEY, Circuit Judge, and ESCHBACH, District Judge.*

MAJOR, Senior Circuit Judge.

Petitioner and two co-defendants were charged in a two-count indictment with wilfully and knowingly robbing a federally insured state bank, putting employees in jeopardy by the use of a firearm, in violation of Title 18 U.S.C.A. Sec. 2113(a) and (d). Both counts charged robbery of the same bank; Count I charged the occurrence on April 2, 1964, and Count II, on December 11, 1963. Petitioner (as well as his co-defendants) was charged in both counts as a principal. He was not charged with a violation of Title 18 U.S.C.A. Sec. 2, as an aider and abettor. After government counsel made its opening statement to the jury, the court on its own volition required the government to dismiss Count II.

At the beginning of the second day of trial, counsel for a co-defendant (Smith) asked the court, outside the presence of the jury, for permission to withdraw his plea of not guilty. The court accepted such plea, the jury was brought in, advised of the change and given the usual cautionary instruction that the plea of guilty was without prejudice to petition-

er and that the same responsibility rested upon the government of proving the case beyond a reasonable doubt against petitioner. Petitioner who was represented by counsel made no objection as to the sufficiency of the cautionary instruction. The jury found petitioner guilty, upon which verdict the court, on July 23, 1964, sentenced him to twenty-five years in the custody of the Attorney General.

Upon appeal from this judgment, this court affirmed. 354 F.2d 568. On grounds not here material, the Supreme Court vacated the judgment and remanded the case for further consideration. 384 U.S. 885, 86 S.Ct. 1973, 16 L. Ed.2d 1000. Upon the second hearing, this court again affirmed. 372 F.2d 70. The Supreme Court denied certiorari. 388 U.S. 916, 87 S.Ct. 2132, 18 L.Ed.2d 1359.

The case is now here on appeal from an order of the district court dismissing petitioner's petition for relief under Title 28 U.S.C.A. Sec. 2255. Petitioner submitted his case *pro se* on brief, without oral argument.

Petitioner presents a lengthy argument which contains some interesting comments on criminal law and procedure in general but, as might be expected of a person acting without counsel, it is not easy to ascertain the points which he relies upon in the instant proceeding. It does appear that he argues three points, (1) that the reading of Count II of the indictment and its subsequent dismissal without proof of the crime charged therein was error; (2) that the withdrawal of a co-defendant's plea of not guilty and entry of a plea of guilty was prejudicial, and (3) that his conviction as an aider and abettor when he was charged only as a principal was a violation of his constitutional rights under the Fifth and Sixth Amendments. All of the alleged errors committed by the trial court must have been known to petitioner at the time of his original ap-

---

* Judge Jesse E. Eschbach is sitting by designation from the United States District Court for the Northern District of Indiana.

peal and could have been raised by him at that time. In fact, the first issue was raised and specifically disposed of by this court adversely to petitioner in 372 F.2d 70, 73.

This court stated in McCartney v. United States, 311 F.2d 475, 476:

> "The Courts have been unanimous in holding that Section 2255 should not be used as a substitute for a direct appeal. There is even more reason why it should not be used as a substitute for a second appeal."

To the same effect see Vincent v. United States, 361 F.2d 474, 476 (CA–8); United States v. Tomaiolo, 378 F.2d 26, 28 (CA–2), and Castellana v. United States, 378 F.2d 231, 232 (CA–2).

It thus appears plain that petitioner is not entitled in the instant proceeding to relief under points (1) and (2).

■ Petitioner's contention that his conviction on proof that he was an aider and abettor when he was charged only as a principal was a violation of the Fifth and Sixth Amendments to the Constitution is entitled to be considered. Sec. 2(a), Title 18, provides:

> "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

On this point petitioner is met with the decisions of numerous courts, including this one, which have held contrary to his contention and not one, so far as we are aware, has held in his favor. This court stated in Glass v. United States, 328 F.2d 754, 756:

> "An objection was raised to an instruction on aiding and abetting on the ground that appellant was not charged with aiding and abetting. Aiders and abettors, however, are chargeable directly as principals. Giving that instruction was not error."

See also United States v. Kramer, 236 F.2d 656, 657 (CA–7); United States v. Carengella, 198 F.2d 3, 6 (CA–7); Pinkney v. United States, 380 F.2d 882, 885 (CA–5).

Other courts have reached the same result, including Lawrence v. United States, 357 F.2d 434, 438 (CA–10), wherein the court stated:

> "The appellant also urges that the indictment is defective in that it does not fairly apprise him of the charges. The indictment is of Barbara Sandoval, James Collins, and appellant jointly for the crime of bank robbery. Appellant was thus charged as a principal, and he could be found guilty of the offense through aiding and abetting. Von Patzoll v. United States, 163 F.2d 216 (10th Cir.); Colosacco v. United States, 196 F.2d 165 (10th Cir.); 18 U.S.C.A. Sec. 2. We find the indictment to be adequate to apprise appellant of the charges against him."

In Wood v. United States, 405 F.2d 423, 425 (CA–9), the court stated:

> "Title 18, U.S.Code, Section 2 provides that whoever aids and abets the commission of an offense against the United States shall be punishable as a principal. It is unnecessary that an indictment for a crime allege a violation of 18 U.S.Code, Sec. 2, to lay a foundation for a conviction based on aiding and abetting."

To the same effect see United States v. Duke, 409 F.2d 669, 671 (CA–4).

Petitioner's contention that his constitutional rights were violated in the manner alleged is rejected. In fact, there was no error in permitting his conviction upon proof that he was an aider and abettor on an indictment which charged him only as a principal. Other points raised by petitioner are without merit.

The order dismissing his petition is

Affirmed.