Vincent GALLO, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 72–1018.

United States Court of Appeals,
Eighth Circuit.

Decided June 16, 1972.

Submitted June 13, 1972.

Brenda Gallo, pro se.

Daniel Bartlett, Jr., U. S. Atty., J. Kenneth Lowrie, Sp. Atty., U. S. Dept. of Justice, and Thomas M. Vockrodt, Special Atty., St. Louis, Mo., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and DAVIES,* District Judge.

PER CURIAM.

 Vincent Gallo appeals from the denial of a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, and the denial of a hearing thereon. His primary allegation is that, although he pleaded guilty to all counts upon which he was convicted, his guilt had not been properly adjudicated, and therefore a sentence to imprisonment could not be imposed. The transcript of Gallo's pleas and sentencing clearly shows that his guilty pleas were entered and accepted in accordance with Rule 11, Federal Rules of Criminal Procedure. Because the record demonstrates the voluntariness of his pleas, no evidentiary hearing was required. *See* Bongiorno v. United States, 424 F.2d 373, 375 (8th Cir. 1970). Furthermore, because the guilty pleas were actually Gallo's consent that a judgment be entered without trial, Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the imposition of a sentence to imprisonment was proper.

 Gallo also contends that he was improperly denied access to his pre-sentence report. Rule 32(c) (2), Federal Rules of Criminal Procedure, vests the court with discretion to disclose all or part of the material contained in the report. There is nothing in the record to indicate that Gallo or his retained counsel requested access to the report, and it cannot be said that the sentencing judge abused this discretion.

We accordingly find these issues to be without merit, and we affirm the denial of the § 2255 motion without an evidentiary hearing.

* Sitting by designation.