**Seymour LACOB, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 72 C 3206.**

United States District Court,
N. D. Illinois, E. D.

March 14, 1973.

Motion for Reconsideration Denied
April 6, 1973.

Seymour Lacob, pro se.

James R. Thompson, U. S. Atty., Chicago, Ill., for respondent.

### MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes before the Court on the motion of petitioner to vacate the order of dismissal of his petition, which was filed pursuant to 28 U.S.C. § 2255. In the alternative, petitioner requests that he be given 30 additional days in which to file his notice of appeal. The facts of the case are set forth in the opinion affirming his conviction on direct appeal. United States v. Lacob, 416 F.2d 756 (7th Cir. 1969), cert. denied, 396 U.S. 1059, 90 S.Ct. 755, 24 L.Ed.2d 754, rehearing denied, 397 U.S. 1003, 90

S.Ct. 1114, 25 L.Ed.2d 415 (1970). Petitioner subsequently filed a habeas corpus petition, 71 C 1457, which was denied by the District Court. On February 23, 1972, the Seventh Circuit Court of Appeals affirmed the denial of the motion. The United States Supreme Court denied certiorari 409 U.S. 842, 93 S.Ct. 41, 34 L.Ed.2d 81, on October 12, 1972.

Petitioner filed a second habeas corpus petition, 72 C 3206. In an order and accompanying memorandum opinion, this Court dismissed the petition on the authority of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962).

In the instant motion, petitioner contends that the Sanders requirement of "prior determination on the merits" was not met since no evidentiary hearing was held in the previous habeas corpus action. Further, the petitioner contends, that this Court erred in giving controlling weight to the denial of the prior application for federal habeas corpus.

█ This contention is completely without foundation. The Sanders court, in setting out the standards for dismissal of a habeas petition based on grounds previously determined, clearly defined the requirement of "prior hearing on the merits." Id. at 16, 83 S.Ct. 1068 at 1077.

This means that if factual issues were raised in the prior application, and it was not denied on the basis that the files and records conclusively resolved these issues, an evidentiary hearing was held. (Emphasis added.)

On April 28, 1971, the District Court dismissed the first habeas corpus petition with the following order: "The motion and the files and records of the case conclusively show that the petitioner is entitled to no relief, accordingly, the motion is denied and the cause is dismissed." The Court of Appeals affirmed. Hence, the April, 1971 dismissal falls expressly within the Sanders definition of "prior hearing on the merits."

█ Petitioner further argues that "the ends of justice" would be served by

this Court's vacating the order of dismissal. Petitioner has made no such showing that justice would be served by the redetermination of the issues. The Seventh Circuit, in affirming the denial of the first habeas petition, commented:

> Virtually all the alleged errors relied on by the petitioner were raised and specifically disposed of, or could have been raised, on his direct appeal. Levine v. United States, 430 F.2d 641 (7th Cir. 1970), cert. denied, 401 U.S. 949, 91 S.Ct. 962, 28 L.Ed.2d 232 (1971). The Supreme Court has said that "the § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal." Kaufman v. United States, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

The Court of Appeals having ruled on the case on two occasions, we fail to see any necessity to re-litigate the issues again.

■ Petitioner requests a 30 day extension of his time to file notice of appeal. The order dismissing the petition was dated February 23, 1973. The order was mistakenly mailed by the Clerk of the Court to the Federal Correctional Institution at Sandstone, Minnesota. Unfortunately, the petitioner was in fact out on parole. As a result, petitioner did not receive the order until March 2, 1973. Rule 4(b) of the Federal Rules of Appellate Procedure ("F.R.A.P.") provides that "[u]pon a showing of excusable neglect the district court may before or after the time has expired, with or without motion and notice, extend the time for filing notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." We believe that "excusable neglect" has been shown in the instant case.

For the foregoing reasons, the motion of petitioner to vacate the order of dismissal is denied. The motion of peti-

tioner to extend the time for filing a notice of appeal for a period of 30 days from the expiration of the time otherwise prescribed by F.R.A.P. 4(b) is granted.

## ON MOTION FOR RECONSIDERATION

This cause comes on the motion of petitioner for leave to file his amended 2255 motion instanter, for a pre-trial hearing, and for reconsideration of the Court's order dismissing his habeas corpus petition. The facts of the case were set out in the opinion affirming his conviction on direct appeal. United States v. Lacob, 416 F.2d 756 (7th Cir. 1969), cert. denied, 396 U.S. 1059, 90 S.Ct. 755, 24 L.Ed.2d 754, rehearing denied, 397 U.S. 1003, 90 S.Ct. 1114, 25 L.Ed.2d 415 (1970). Petitioner subsequently filed a habeas corpus petition, 71 C 1457, which was denied by the District Court. On February 23, 1972, the Seventh Circuit Court of Appeals affirmed the denial of the motion. The United States Supreme Court denied certiorari on October 12, 1972.

Petitioner filed a second habeas corpus petition, 72 C 3206. On February 23, 1973, in an order and accompanying memorandum opinion, this Court dismissed the petition on the authority of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962). In an order and memorandum opinion of March 14, 1973, this Court denied petitioner's motion to vacate the order of dismissal but granted him an extension of time for filing his notice of appeal.

■ In the instant motion, petitioner seeks leave to amend paragraph 14(a)i of his motion pursuant to § 2255 of Title 28 of the United States Code. By this amendment, petitioner seeks to show that the ends of justice would be served by a redetermination of the issues already raised in his original habeas corpus petition. Should the Court determine that such a showing was successfully made, the Court would be required

to hold an evidentiary hearing on the second 2255 motion. Sanders v. United States, supra. The major contention raised by the petitioner in the instant. motion is that the district court acted improperly in dismissing the original habeas corpus petition and that the Seventh Circuit improperly affirmed the dismissal.

■ The district court does not sit to review and reverse the judgments of the court of appeals. A ruling in favor of the petitioner's motion would in effect amount to this Court's reversal of a conclusive finding of the court of appeals. This Court is loath to render such a ruling.

We have already granted the petitioner an extension of time in which to file notice of appeal. We suggest that petitioner now proceed by way of the prescribed appellate procedure.

For the foregoing reasons, the motion of petitioner for leave to file his amended 2255 motion instanter, for a pre-trial hearing, and for reconsideration of the Court's order dismissing his 2255 motion is denied.