Donald Kilsmuth **HESS** and Louis Clifton Hess, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 74–1022.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1974.

Decided May 13, 1974.

Thomas M. Larson, Asst. Federal Public Defender, Kansas City, Mo., for appellants.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

MATTHES, Senior Circuit Judge.

In December of 1956, Donald Kilsmuth Hess and Louis Clifton Hess, brothers, were convicted in the United States District Court for the Western District of Missouri of two separate kidnappings in violation of 18 U.S.C. § 1201. On December 14, 1956, each was sentenced by the trial judge, the Honorable Richard M. Duncan, to two consecutive life terms,[1] as was a codefendant in one of the proceedings, Lewis Milton Williams. Thereafter, this court granted all three defendants leave to appeal *in forma pauperis* from their convictions. In accordance with the prevailing procedures, they were not provided with assistance of counsel. The convictions were affirmed. Hess v. United States, 254 F.2d 578 (8th Cir. 1958); Hess v. United States, 254 F.2d 585 (8th Cir. 1958).

In 1969, Williams filed a § 2255 motion seeking relief on the ground that he had not been represented by counsel on direct appeal from his conviction. Judge Duncan denied the motion, and Williams appealed, this time with the aid of a court appointed attorney. Our court agreed that Williams was constitutionally entitled to counsel on appeal from his conviction. The remedy fashioned was to treat Williams' appeal from the trial court's denial of his § 2255 motion as a direct appeal from his conviction. Again, Williams' conviction was affirmed. Williams v. United States, 416 F.2d 1064 (8th Cir. 1969).

On September 13, 1973, the Hess brothers also filed a § 2255 motion, alleging, *inter alia*, the absence of counsel on appeal. On the basis of the *Williams* decision and without objection from the government, Judge Duncan certified the § 2255 proceeding to this court on December 21, 1973. A panel of judges of this court agreed that the Hess brothers should be given the same consideration given to Williams. Accordingly, it was directed that the § 2255 motion be considered as an application to reinstate the direct appeals of

---

1. Appellants' brief reveals that Louis Hess has been released on parole. At oral argument, we were informed that, in May, 1974, Donald Hess will become eligible for parole. Their release on parole, of course, does not render the case moot. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

the Hess brothers, that such application be granted, and that counsel be appointed. It is in this posture that we now consider the case.

Appellants' sole challenge is to the trial court's sentencing procedure. Specifically, it is alleged that the trial court took into account the following allegedly impermissible factors in determining sentence: 1) that, instead of pleading guilty, appellants exercised their right to jury trial; 2) that Louis Hess testified falsely on his own behalf; and 3) unsupported misinformation supplied by the government. By the very nature of their attack, appellants do not seek reversal of their convictions or new trials, but only resentencing.

## I.

■ This circuit has joined a host of other courts in recognizing that whether a defendant exercises his constitutional right to trial by jury to determine his guilt or innocence must have no bearing on the sentence imposed. United States v. Marzette, 485 F.2d 207 (8th Cir. 1973). See United States v. Stockwell, 472 F.2d 1186 (9th Cir.), cert. denied, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973); United States v. Hopkins, 150 U.S.App.D.C. 307, 464 F.2d 816, 822 (1972); Scott v. United States, 136 U.S.App.D.C. 377, 419 F.2d 264, 269–274 (1969); Baker v. United States, 412 F.2d 1069, 1073 (5th Cir. 1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970); United States v. Wiley, 278 F.2d 500, 504 (7th Cir. 1960). But cf. United States v. Thompson, 476 F.2d 1196, 1201 (7th Cir.), cert. denied, 414 U.S. 918, 94 S.Ct. 214, 38 L.Ed.2d 154 (1973); United States v. Jansen, 475 F.2d 312, 319 (7th Cir.), cert. denied, 414 U.S. 826, 94 S.Ct. 130, 38 L.Ed.2d 59 (1973); United States v. Lehman, 468 F.2d 93, 109–110 (7th Cir. 1972); Gollaher v. United States, 419 F.2d 520, 529–530 (9th Cir.), cert. denied, 396 U.S. 960, 90 S.Ct. 434, 24 L.Ed.2d 424 (1969).

Before imposing sentence in this case, the trial judge stated:

There is some suggestion that leniency ought to be shown to these young men because of their youth. It has been my experience in life that when we seek leniency, when we seek to be absolved of our sins, we must first admit our sins, and in this case there has been no admission of sins. There has been, on the contrary, a determination to pursue every remedy; and they have had that right, they had that right under the law. It would have made no difference if they had been caught red-handed in the commission of these acts, they would still have had the constitutional right, thank God, under our system to come into this court and say, "We have a jury pass on it."

\*　\*　\*　\*　\*　\*

These defendants have come into court and stand trial, although they have made no defense whatsoever. They have had no defense whatsoever, and they could make no defense. So they stand not only convicted by a jury before this Court, but under all of the facts in the cases it is so plain that they were guilty that there is no ground for doubt in the world about it.

■ Seizing upon the foregoing, appellants contend that Judge Duncan enhanced appellants' sentences because they opted to stand trial rather than admit their guilt. If the seasoned trial judge has ever inflicted a heavier penalty upon a defendant because he chose to exercise his constitutional right to trial, our attention has not been directed to a record demonstrating such action. We would be hard pressed to conclude from Judge Duncan's sentencing remarks, considered in entirety, that the above quoted statements support appellants' argument. Nevertheless, since the tenor of the court's observation is not entirely clear, and because the remedy is relatively painless, we believe the trial judge should be afforded an opportunity to fully examine his sentencing procedure and to consider the factors which motivated the sentences imposed.

## II.

Louis Hess argues that his sentence was lengthened by the trial judge's personal belief that Louis had lied during the trial.

Prior to sentencing, while discussing "the kind of individuals [appellants] are," the trial judge said:

> I just want to say one more thing about Louis Hess. The others pretty much speak for themselves; neither of them took the stand. Of course, that was their right not to do so and no advantage could be taken of it. Louis Hess took the stand. He is a fine looking man. He said he fell in the bathroom and got the cut on his head. It is probable that if the thing that caused the injury had been the width of a toothpick closer, he would not have been here to stand trial in this case but he would have been in his grave, it came that close to getting him. Bathroom falls do not cause that sort of injury. The Court wasn't impressed with it at the time. The Court didn't believe it at the time and, of course, the jury didn't believe it.

The inference may be warranted that the judge was influenced by his belief that Louis Hess had committed perjury during the trial.[2] But it is by no means clear that this is an impermissible factor in the sentencing process. At least four circuits have held that the sentencing judge may properly take into consideration a belief that the defendant testified falsely. United States v. Moore, 484 F.2d 1284, 1287 (4th Cir. 1973) (Craven, J., dissenting); United States v. Cluchette, 465 F.2d 749, 754 (9th Cir. 1972); United States v. Wallace, 418 F.2d 876, 878 (6th Cir. 1969); United States v. Levine, 372 F.2d 70, 74 (7th Cir.), cert. denied, 388 U.S. 916, 87 S.Ct. 2132, 18 L.Ed.2d 1359 (1967). *Contra,* Scott v. United States, *supra,* 419 F.2d at 268. *See* Note, The Influence of the Defend-

ant's Plea On Judicial Determination of Sentence, 66 Yale L.J. 204, 211–17 (1956).

The trial judge is constitutionally entitled to consider a wide variety of information bearing on the character and background of the defendant in fixing sentence. We are not prepared to say that the court's bona fide belief that the defendant committed perjury during the trial cannot also be weighed in the balance. Nevertheless, we approve the cautionary language of Judge Butzner of the Fourth Circuit in United States v. Moore, *supra,* 484 F.2d at 1288: "Judges must constantly bear in mind that neither they nor jurors are infallible. A verdict of guilty means only that guilt has been proved beyond a reasonable doubt, not that the defendant has lied in maintaining his innocence."

## III.

■ Lastly, appellants urge that the district court was misinformed about their alleged prior criminal activity. They suggest that the record is presently unclear as to the exact source of information considered by the sentencing judge and, for that reason, the case should be remanded for a determination whether inaccurate and prejudicial information was considered.

Prior to the imposition of sentence, the prosecutor presented a lengthy oral statement detailing prior criminal activity of appellants and codefendant Williams. At the outset of the statement, the prosecutor recommended "a substantial and rigorous penalty." Although there may be important distinctions between a prosecutor's report and a presentence report prepared by a probation officer, United States v. Rosner, 485 F.2d 1213, 1230 (2d Cir. 1973), petition for cert. filed, 42 U.S.L.W. 3407 (U.S. Jan. 7, 1974) (No. 73–1062); United States v. Solomon, 422 F.2d 1110, 1121 (7th Cir.), cert. denied, 399 U.S. 911, 90

2. The government argues that the fact that all three defendants were sentenced equally shows that Louis Hess was not individually penalized for committing perjury during the trial. It appears, however, that Louis' prior criminal activity was less extensive than that of his codefendants.

S.Ct. 2201, 26 L.Ed.2d 565 (1970); 8A Moore's Federal Practice ¶ 32.04[3] (1973), for our present purposes, the prosecutor's report in this 1956 proceeding may be compared to a presentence report.

Neither appellants nor their counsel questioned the accuracy or reliability of the prosecutor's report. Nor did they ask to inspect the records upon which the report was based. Only now do they suggest the possible existence therein of "unsupported information."

We do not doubt that a sentence based upon materially false information, which the defendant had no opportunity to correct, could not stand. Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). To guard against such grievous error, Judge Lay suggested in United States v. Carden, 428 F.2d 1116, 1118 (8th Cir. 1970):

> It is always advisable for the trial judge to at least state on the record the various factors he has taken into consideration in rendering his sentence. The court may advise counsel of these factors without necessarily disclosing the sources of the information to him. Such a procedure serves as a checkmate to the danger of misinformation being placed in the hands of the court. * * * If the defendant's record, as publicly disclosed at the hearing, is incorrectly reported, defendant should have an opportunity to explain any discrepancy. If factual background is erroneous, defendant should have the opportunity to inform the court concerning the alleged misinformation.

*See* United States v. Mims, 440 F.2d 643 (8th Cir. 1971).

But in the present case appellants were advised by the prosecutor's oral statement in open court of the substance of the record which had been placed before the trial judge, and no objection was raised. Indeed, no specific inaccuracy is alleged now. What appellants actually seek is full disclosure of the prosecutor's sources of information. And while the issue of disclosure of presentence information to the defense continues to be a subject of robust debate, *see e. g.*, United States v. Dockery, 145 U.S.App.D.C. 9, 447 F.2d 1178, cert. denied, 404 U.S. 950, 92 S.Ct. 299, 30 L. Ed.2d 266 (1971); 8A Moore's Federal Practice ¶ 32.03[4] (1973); ABA Project on Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures § 4.4(a), Commentary (Approved Draft 1968); Annot., Defendant's Right to Disclosure of Presentence Report, 40 A.L.R.3d 681 (1971), this court has yet to require the trial judge, as a matter of due process, to disclose the report in its entirety to the defendant. United States v. Schrenzel, 462 F.2d 765, 775 (8th Cir.), cert. denied, 409 U.S. 984, 93 S.Ct. 325, 34 L. Ed.2d 248 (1972); Gallo v. United States, 461 F.2d 1008 (8th Cir. 1972); United States v. Mims, *supra*; United States v. MacLeod, 436 F.2d 947, 950 (8th Cir.), cert. denied, 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971); United States v. Carden, *supra*. Nor will we declare the failure to disclose the sources of information of the prosecutor's report in this case a violation of due process when appellants neither requested such disclosure nor objected to the accuracy of the substance of the report as it was revealed to them. Nevertheless, we hasten to add the caveat that, as a matter of policy, full disclosure under Rule 32, Fed.R. Crim.P., is to be preferred whenever possible.[3]

## IV.

The circumstances attending this case constrain us to offer several concluding observations.

First, the time element has some significance. The offenses were committed

---

3. We note that the proposed amendments to Rule 32, recently transmitted to Congress by Chief Justice Burger, would mandate, at the least, an oral or written summary of the factual information contained in the presentence report and relied upon by the trial judge in determining sentence. 15 Crim.L. Rptr. 3001 (April 24, 1974).

in November, 1956. The offenders were tried in December, 1956, and the sentences under attack were rendered on December 14. The convictions were affirmed in 1958. Although the Hess brothers and their confederate, Williams, were represented by counsel during the trial, they appealed *pro se*. Beyond doubt, the trial and appeal comported with then prevailing standards. Since 1958, however, decisions of momentous importance have emerged, affording additional safeguards to the accused and the convicted. *See, e. g.,* Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). These cases have provided appellants an avenue for review of sentences imposed more than seventeen years ago.

Fortunately for all concerned, Judge Duncan, who presided at the trial and whose judicial conduct with regard to sentencing is challenged, is still rendering judicial service in the status of a senior judge. It is pertinent to make brief reference to his judicial career. Judge Duncan was appointed to the federal bench in 1943 and has served continuously since that year. He has frequently been assigned to districts in other circuits for service. The record he has forged attests to his ability, integrity, and dedication to the principle of rendering fair and equal justice for all litigants so far as it is possible for any individual subject to human frailties to perform that task.

Inasmuch as Judge Duncan certified appellants' § 2255 motion to this court on the basis of *Williams* without clarifying whether he, in fact, considered appellants' failure to plead guilty in imposing sentence, fairness dictates that these proceedings be remanded to the district court for the purpose of permitting Judge Duncan to determine whether the sentences were enhanced for that reason. Should the judge find upon an objective evaluation of all pertinent circumstances that the sentences were influenced by that improper consideration, then he shall set them aside and resentence. On the other hand, should the judge conclude that he did not penalize appellants for their insistence on trial, he shall file an appropriate order so finding.

Remanded for proceedings in accordance with this opinion.