IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35240-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MANUEL RODRIGUEZ-FLORES, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Manuel Rodriguez-Flores appeals an 84-month sentence imposed after his case was remanded for resentencing. Because the trial court's resentencing disposition failed to comport with the directives of our remand order, Mr. Rodriguez-Flores's sentence is again reversed and this matter is remanded for resentencing before a different judge.

No. 35240-4-III
*State v. Rodriguez-Flores*

FACTS

A jury found Mr. Rodriquez-Flores guilty of four controlled substance offenses, three of which carried school bus stop enhancements. At his original sentencing hearing, Mr. Rodriguez-Flores's sentencing range was calculated as 92 to 132 months. The State requested a sentence of 100 months. The court imposed a high end sentence of 132 months and made the following comments:

> THE COURT: Well, Mr. Rodriguez–Flores, let me tell you this: You had no defense. They had you on video. They had you under surveillance. You had absolutely no defense and you went to trial anyway. And I know because of what was going on in this Court at that time that I had another jury in that you were offered a plea bargain of significantly less time. I have absolutely no question in my mind that you will be released and continue to do the same kind of stuff. I don't think you have any remorse; I don't think you have any concern. 132 months.

*State v. Rodriquez-Flores*, No. 33311-6-III, slip op. at 4 (Wash. Ct. App. Feb. 23, 2017) (unpublished) https://www.courts.wa.gov/opinions/pdf/333116_unp.pdf. (quoting Report of Proceedings (May 4, 2015) at 237-38).

Mr. Rodriquez-Flores appealed arguing, inter alia, that the trial court punished him for exercising his right to a jury trial. Citing federal case law that remand is appropriate where "'the tenor of the court's observation is not entirely clear,'"[1] and because

---

[1] *Id.* at 9 (quoting *Hess v. United States*, 496 F.2d 936, 938 (8th Cir. 1974).

2

resentencing was already required due to a different issue on appeal,[2] this court "merely caution[ed] the [trial] court to avoid even an implication that a harsh sentence is based on Mr. Rodriguez–Flores's choice to stand trial." *Id.* at 9. Resentencing before a different judge was not required. *Id.*

A resentencing hearing was held in April 2017 before the same judge. On remand, Mr. Rodriguez-Flores's sentencing range was recalculated as 44 to 84 months.[3] The defense asked for a low end sentence of 44 months. The State asked for a high end sentence of 84 months. The judge imposed a high end sentence and made the following remarks:

> THE COURT: All right. Well, the Court has read the Court of Appeals decisions and, quite candidly, the Court gets a little bit tired of particularly Judge Siddoway and Judge Fearing chastising Superior Court Judges. I have the ability to sentence within the standard range to what sentence I believe is appropriate in this particular matter. I don't need Judge Siddoway, Judge Fearing, or anybody else to tell me, to merely caution me to avoid any implication of hard sentences, harsh sentences based upon Mr. Flores's choice to stand trial.

---

[2] The trial court did not have the benefit of *State v. Conover*, 183 Wn.2d 706, 355 P.3d 1093 (2015), at the time of sentencing so it assumed it had to run Mr. Rodriquez-Flores's school bus stop enhancements consecutively.

[3] Pursuant to *Conover*, the reduced sentencing range was the result of running Mr. Rodriguez-Flores's three school bus stop enhancements concurrently. Had Mr. Rodriguez-Flores not received the enhancements, the range would have been 20 to 60 months.

I have been a Superior Court Judge in Douglas County for eighteen-plus years. I have never, ever seen the prosecution for Douglas County impose an enhancement when the defendant pleads guilty to the major charges of distributing a controlled substance.

When he goes to trial and has absolutely no defense at all and then once he comes back asks me to ignore essentially the enhancements or any other harsher sentence, I find that the defendant has absolutely no remorse for what he's done. He has absolutely no recognition of the wrongdoing. This Court has no reason to believe it won't happen again as soon as he is released, and again, there was no defense at all. He was caught on videotape. He knew that. So with no defense at all, he takes the matter to trial, then comes and asks the Court at sentencing to do what he could have done for himself.

I think the only way to stop this kind of activity for Mr. Rodriguez is to sentence him to the maximum time so when he gets out, at least some people will be safe.

84 months.

. . . .

Court of Appeals Judges can run for Superior Court Judge if they want. I think they don't have any experience though.

Report of Proceedings (RP) (Apr. 3, 2017) at 13-14.

Prior to making these comments, the trial court addressed legal financial obligations (LFOs). The prosecutor stated that the $250 jury demand fee was a mandatory LFO, and asked the court to impose all of the standard mandatory and discretionary LFOs. The trial court imposed only the mandatory LFOs, but also imposed the jury demand fee. Mr. Rodriquez-Flores appeals.

4

ANALYSIS

*Judge's comments at resentencing*

A defendant may appeal a standard range sentence if the sentencing court failed to comply with constitutional requirements. *State v. Osman*, 157 Wn.2d 474, 481-82, 139 P.3d 334 (2006). One such requirement is that the trial court not penalize a defendant for exercising the Sixth Amendment right to a jury trial. [4] *United States v. Jackson*, 390 U.S. 570, 581, 88 S. Ct. 1209, 20 L. Ed. 2d 138 (1968).

Determining whether a trial judge has improperly penalized a defendant for exercising the right to a jury trial can be a difficult task. We look to a judge's comments at sentencing to discern whether a sentence has been imposed for improper reasons. Statements that a defendant had no defense and wasted government resources are indicative of improper retaliation. *United States v. Medina-Cervantes*, 690 F.2d 715, 716 (9th Cir. 1982); *Hess v. United States*, 496 F.2d 936, 938 (8th Cir. 1974).

Here, we need not engage in the difficult inquiry of whether the trial judge's sentencing decision was actually motivated by improper retaliation. Instead, we base our decision on the terms of our prior remand order. Under that mandate, the trial court was not merely directed to impose a sentence that complied with constitutional requirements.

---

[4] U.S. CONST., amend VI.

5

The court was entreated to "avoid even an implication that a harsh sentence is based on Mr. Rodriguez-Flores's choice to stand trial." *Rodriguez-Flores*, slip op. at 9.

The trial judge failed to meet the terms set by our remand order. While the court made some comments suggesting it had selected a high end sentence because Mr. Rodriguez-Flores had not shown contrition and posed a risk of re-offending, there were other comments suggestive of retaliation. Specifically, the court thrice remarked that Mr. Rodriguez-Flores had no defense to the charges against him. The court also emphasized that Mr. Rodriguez-Flores had been caught on videotape. The court's comments tended at least to imply that it was punishing Mr. Rodriguez-Flores for taking a frivolous case to trial. As such, the comments violated the order of remand.

Because the trial court did not comply with our remand order, Mr. Rodriguez-Flores's sentence must again be reversed. We therefore remand this case for resentencing and further direct that resentencing occur before a different trial judge. *See State v. Solis-Diaz*, 187 Wn.2d 535, 541, 387 P.3d 703 (2017) (remand before different judge proper when trial judge's remarks suggest "frustration and unhappiness" with a prior holding from the Court of Appeals).

No. 35240-4-III
*State v. Rodriguez-Flores*

*Jury demand fee*

The State appropriately concedes that the jury demand fee is a discretionary LFO and should not have been imposed. *See State v. Lundy*, 176 Wn. App. 96, 107, 308 P.3d 755 (2013). We therefore reverse the imposition of a jury demand fee and direct that no such fee be imposed on remand.

## CONCLUSION

This matter is reversed and remanded for resentencing before a different trial judge.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____    _____
Lawrence-Berrey, C.J.    Korsmo, J. (result only)

7