**UNITED STATES of America, Appellee,**

v.

**Porfirio A. MATOS, Defendant–Appellant.**

**No. 1000, Docket 89–1590.**

United States Court of Appeals, Second Circuit.

Argued April 30, 1990.

Decided June 21, 1990.

Adina Schwartz, New York City (The Legal Aid Soc., Federal Defender Services Unit, New York City, of counsel), for defendant-appellant.

Amy E. Millard, Asst. U.S. Atty., Southern District of New York, New York City (Otto G. Obermaier, U.S. Atty. for the Southern District of New York, David E. Brodsky, Asst. U.S. Atty., Southern District of New York, New York City, of counsel), for appellee.

Before FEINBERG, MESKILL and WINTER, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from a judgment of conviction entered in the United States District Court for the Southern District of New York, Haight, J. Defendant-appellant was found guilty after a bench trial on stipulated facts of falsely making, forging and counterfeiting United States Federal Reserve Notes in violation of 18 U.S.C. §§ 471 and 2. He was subsequently sentenced under the Sentencing Guidelines (Guidelines) to twenty-four months imprisonment, two years supervised release and a $50 special assessment. On appeal, he contends that the district court erred in increasing his offense level by two points for obstruction of justice under Guidelines § 3C1.1 on the basis of his false testimony at a suppression hearing.

The facts relevant to the resolution of this appeal may be summarized as follows. On February 26, 1988, Secret Service Agents arrested appellant at his print shop on counterfeiting charges. After being advised of his constitutional rights, appellant admitted printing counterfeit currency and stated that he had given the counterfeit money along with the plates and negatives to someone named "Carmello." He was again advised of his rights and consented to a search of his print shop and his apartment.

After the searches, the agents took appellant to the Secret Service's New York Field Office. Special Agent James Figliuolo advised appellant of his constitutional rights, this time using a one page printed waiver form. Figliuolo wrote the date and time on the form, and appellant signed it. In response to questions that followed, appellant restated that he had printed the counterfeit money but had given the money, plates and negatives to "Carmello." Appellant thereafter agreed to take a polygraph test. Before the test, Figliuolo again advised appellant of his rights, using a two page printed waiver form on which appellant marked his initials and wrote the time and date. The results of the polygraph examination showed evidence of deception. After additional questioning, appellant finally admitted that he had given the counterfeit money to his girlfriend. He then signed and dated a three page statement detailing his counterfeiting activities.

At a pretrial suppression hearing, appellant testified, in contradiction to the testimony of the agents involved, that he had not been advised of his constitutional rights until after he had made his various oral and written statements, that he had been forced to sign the waiver forms with the

times and dates left blank, and that the agents backdated the time on the forms. He also testified that he asked to consult a lawyer at the print shop and that his request was ignored. The district court discredited appellant's testimony, finding that his rendition of the events was "inherently implausible" and that his claim that his request for an attorney was ignored was nothing more than "an effort to shore up his motion."

Appellant was found guilty after a bench trial on stipulated facts. At sentencing, the district court added two points to the calculation of appellant's offense level for obstruction of justice under Guidelines § 3C1.1 on the ground that he had testified falsely at the suppression hearing.

Guidelines § 3C1.1 provides:

If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels.

Application Note 1(c) to this section specifically identifies "testifying untruthfully ... concerning a material fact" during any judicial proceeding as within the scope of section 3C1.1. Appellant nevertheless argues that the district court erred in increasing his offense level by two points absent a finding that his testimony was motivated by an intent to deceive. In support of his position, appellant relies on Application Note 2 to section 3C1.1, which provides that "[i]n applying [section 3C1.1], suspect testimony and statements should be evaluated in a light most favorable to the defendant." Viewed in this light, appellant contends, his testimony can be seen as the product of confusion rather than an intent to deceive. He further argues that, if such testimony is not viewed in the light most favorable to the defendant, section 3C1.1 will have a chilling effect on a defendant's decision to testify.

■ We find these claims to be meritless. The district court specifically found that appellant's testimony contained a "basic and bald untruth on an important aspect of the [suppression] motion" and that his false testimony constituted willful obstruction. Application Note 2 "simply instructs the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction." *United States v. Franco–Torres*, 869 F.2d 797, 801 (5th Cir. 1989). The district court without question found that appellant testified falsely with the purpose of affecting the outcome of the suppression hearing. This finding is not clearly erroneous. *See* 18 U.S.C. § 3742(e).

■ This result does not, as appellant contends, unconstitutionally chill the exercise of the right to testify. A defendant has no protected right to testify falsely. When, as here, the district court comes away with the firm conviction that the defendant testified falsely with the intent of impeding the disposition of the criminal charges, there is no constitutional bar to an enhanced sentence. *United States v. Keys*, 899 F.2d 983, 988–89 (10th Cir.1990); *United States v. Acosta–Cazares*, 878 F.2d 945, 953 (6th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 255, 107 L.Ed.2d 204 (1989); *see United States v. Grayson*, 438 U.S. 41, 54, 98 S.Ct. 2610, 2617, 57 L.Ed.2d 582 (1978) ("There is no protected right to commit perjury."); *United States v. Hendrix*, 505 F.2d 1233, 1235 (2d Cir.1974), *cert. denied*, 423 U.S. 897, 96 S.Ct. 199, 46 L.Ed.2d 130 (1975).

The judgment of the district court is therefore affirmed.