931 F.2d 888
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Courtland SMITH, a/k/a Deanie Smith, Defendant-Appellant.
 No. 90-5496.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1991.
Decided May 3, 1991.
As Amended June 3, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey II, Senior District Judge. (CR-89-424-H)
 Edward Smith, Jr., Cummings and Smith, P.A., Baltimore, Md., for appellant.
 James G. Warwick, Assistant United States Attorney, Baltimore, Md. (argued), for appellee. Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and RESTANI, Judge, United States Court of International Trade, Sitting by Designation.
 RESTANI, Judge:
 
 
 1
 Appellant seeks reversal of his conviction of conspiracy to distribute cocaine and of the sentence imposed under the federal Sentencing Guidelines in the United States District Court for the District of Maryland. We affirm both the conviction and the sentence imposed.
 
 BACKGROUND
 
 2
 Charles Courtland Smith purchased kilogram quantities of cocaine for distribution in the Washington, D.C. area until various members of the distribution network of which he was a part were arrested. The span of the conspiracy with which he was charged was September 1987 through May 12, 1988. Evidence revealed that Smith often negotiated prices, received six kilograms himself, and that at least twenty-five kilograms of cocaine were involved in the conspiracy. On July 10, 1988, a search warrant was obtained and executed at Smith's Baltimore apartment. Among the items seized were $5,000 in cash, a notebook, business cards, photographs of Smith and another member of the conspiracy, and other documents.
 
 
 3
 Prior to presentation of evidence to the jury, the government sought approval of the introduction into evidence of the notebook which had been found in Smith's bedroom, as well as the currency and a handgun. An FBI expert stated that the notations in the notebook as to quantity and other matters, all of which were undated, were consistent with notations generally used to record drug transactions. The government was not allowed to refer to the notebook in opening statement. Near the close of evidence, when he was in a position to better assess the need for the evidence and to weigh its probative value against its prejudicial effect, the trial judge admitted the notebook into evidence. He also allowed the admission into evidence of the currency, but he excluded the handgun on the basis of its inflammatory effect. Defendant alleges that the admission of the notebook was error.
 
 
 4
 At sentencing Smith challenged the Probation Department's calculation of offense level under the sentencing guidelines. The court found that an offense level of thirty-two was warranted based on a finding that the conspiracy involved more than fifteen kilograms of cocaine. The district court found further that an upward adjustment was warranted for obstruction of justice based on false testimony by Smith and other acts which it found were intended to aid flight. Defendant takes exception to these conclusions.
 
 DISCUSSION
 I. Admission of the Notebook Was Not Error
 
 5
 At trial defendant objected to admission of the notebook on grounds of both relevance and unfair prejudice. The notebook was found in defendant's bedroom, within a few feet of defendant's person and within two months of the alleged conspiracy. Payment of $14,000 for a kilogram of cocaine took place in the same apartment. Testimony identified the notations in the notebook as ones commonly used to record drug transactions.
 
 
 6
 Defendant notes two Ninth Circuit cases for the proposition that a closer tie to the crime charged and to this defendant was required. In United States v. Valles-Valencia, 811 F.2d 1232 (9th Cir.), modified, 823 F.2d 381 (9th Cir.1987), in affirming admission of drug transaction ledgers, the court observed that the notations in the ledgers were in defendant's own hand and contained dates within the span of the charged conspiracy. In United States v. Ordonez, 737 F.2d 793 (9th Cir.1984), the appellate court found that a drug ledger was not admissible even though some of the fingerprints on it were defendant's and one co-conspirator's handwriting appeared on several pages. In both cases, however, the ledgers had been admitted into evidence by the district court as party, or co-conspirator, admissions under Evidence Rule 801(d)(2)(A) and (E), over hearsay objections. No such objection was made in this case.[1] Defendant's claim is one of lack of relevance and undue prejudice under Rule 403. Furthermore, Ordonez takes a very narrow, perhaps too narrow, view of Federal Evidence Rule 801.
 
 
 7
 Testimony revealed that Smith often negotiated price. The location of the notebook when found, near defendant's person and in his bedroom, the chronological proximity of the seizure of the notebook and the conspiracy, the length of the conspiracy and the fact that some of the payments for drugs involved in the conspiracy occurred in the apartment support the trial judge's finding of relevance.
 
 
 8
 The government argues that apart from direct evidence of the drug conspiracy, the notebook could have been admissible as proof of other crimes for the purposes of demonstrating knowledge or intent under Federal Evidence Rule 404(b).[2] In a similar case, United States v. Arango Correa, 851 F.2d 54 (2d Cir.1988), the court upheld admission of drug records from defendant's apartment and automobile, which were not identified as related to the conspiracy charged, as evidence of knowledge and intent under Rule 404(b). In that case, however, the court gave a clear instruction limiting the jury's consideration to the topics set forth in Rule 404(b). It does not appear in this case that Rule 404(b) was the basis of admission by the district court; thus no limiting instruction was given.[3]
 
 
 9
 As indicated, defendant claims not merely lack of sufficient connection to the offense charged to satisfy relevance standards, but, alternatively, so little relationship to the crime charged and such danger of unfair prejudice, that Federal Evidence Rule 403 bars admission.[4] Admission of evidence of other crimes creates a serious potential for conviction based on a jury's improper acceptance of such evidence as proof of generally bad character. If the notebook is directly relevant to proof of the particular crime charged, as the court apparently found here, probative value is more certain and the problem of unfair prejudice is lessened, although the court must remain vigilant. As we have stated before, a decision to exclude relevant evidence pursuant to Rule 403 because its probative value is outweighed by the danger of unfair prejudice will only be overturned for abuse of discretion. See United States v. MacDonald, 688 F.2d 224, 227-28 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983). The court did not abuse its discretion. We also note the district court's care to exclude other relevant evidence which it found to be inflammatory, that is, a handgun. It appears that, contrary to appellant's assertion, the court made the careful balancing decisions required under Rule 403. The tenor of the trial was one of fairness and defendant's guilt appears clearly established.
 
 
 10
 II. The Court Did Not Err in Calculating the Amount of Cocaine for Which Smith Was Responsible
 
 
 11
 Defendant argues that the base offense level under the sentencing guidelines should have been thirty-two rather than thirty-four, as found by the court. The court found Smith to be a mid-level participant in the conspiracy and that at least fifteen kilograms of cocaine were involved.
 
 
 12
 Smith's activities as price negotiator and the fact that six kilograms of cocaine were passed directly to Smith establish that he was more than the minor participant he claims to have been. As indicated, the evidence supports a conclusion that at least twentyfive kilograms were involved in the conspiracy. Furthermore, the evidence revealed Smith's ongoing participation in the conspiracy throughout its duration. In this situation Smith could reasonably foresee that the conspiracy would involve in excess of fifteen kilograms. See United States v. Vinson, 886 F.2d 740 (4th Cir.1989), cert. denied, 110 S.Ct. 878 (1990) (drug quantities involved in conspiracy after defendant's arrest included for sentencing purposes because it was reasonably foreseeable conspiracy would include such quantities). For sentencing purposes factual findings are judged by a preponderance standard. Id. at 741-42. We find no error in the court's conclusion that this burden was met on the issue of the amount of drugs attributable to defendant.
 
 
 13
 III. The Court Did Not Err in Finding that Smith Obstructed Justice
 
 
 14
 Pursuant to Guideline Sec. 3C1.1, two levels are to be added to the base offense level for obstruction of justice. As with other findings of fact for sentencing purposes, a finding of obstruction of justice is subject to the clearly erroneous standard of review.
 
 
 15
 Guideline Application Note 3 to section 3C1.1 makes clear that a defendant is not to be punished for exercising his constitutional right to deny guilt. The Constitution, however, does not guarantee the right to commit perjury. See Nix v. Whiteside, 475 U.S. 157, 173 (1986) (lawyer who refused to assist his client in committing perjury violated neither ethical standards nor his client's Sixth Amendment rights). Defendant gave, in the district court's words, "blatantly false testimony," obviously involving considerable detail. As indicated in Note 1(c), an upward adjustment is warranted if a defendant testified "untruthfully ... concerning a material fact ... during a ... judicial proceeding." See United States v. Matos, 907 F.2d 274, 276 (2d Cir.1990) ("A defendant has no protected right to testify falsely."). The court's decision to apply the two level adjustment for obstruction of justice was appropriate based on the finding of perjury. We need not address the secondary basis for the obstruction of justice finding.
 
 
 16
 Neither the admission of the notebook nor the sentencing findings warrant reversal. We affirm.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 In Ordonez the court found plain error in failure to recognize Confrontation Clause problems following a hearsay objection. An objection to the receipt of evidence should be specific enough to alert the trial court to possible error. As no hearsay objection was made we need not address Confrontation Clause arguments. See also Evans v. Thompson, 881 F.2d 117, 123 (4th Cir.1989), cert. denied, 110 S.Ct. 3255 (1990) (Confrontation Clause may not be asserted where counsel consents to use of trial transcript at resentencing), and United States v. Mitchell, 783 F.2d 971 (10th Cir.), cert. denied, 479 U.S. 860 (1986) (appellant not permitted to argue for exclusion of evidence based on a theory not raised at trial)
 
 
 [2]
 Federal Evidence Rule 404(b) states:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 [3]
 There is also no indication that defendant requested a limiting instruction. His objection was to receipt of the evidence for any purpose
 
 
 [4]
 Federal Evidence Rule 403 states:
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.