935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond TAYLOR, Defendant-Appellant.
 No. 90-5381.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 3, 1991.
Decided June 17, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-90-5-A)
 Charles G. Aschmann, Jr., Aschmann & Aschmann, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, Daniel Joseph Graber, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond Taylor appeals his conviction and sentence for attempted escape, in violation of 18 U.S.C. Sec. 751(a). Because we find no merit to Taylor's claims that the evidence was insufficient to support his conviction and that he improperly received a twolevel sentence adjustment for obstruction of justice, we affirm his conviction.
 
 
 2
 * As the result of a September 1989 incident, Taylor was convicted of and received a 37-month sentence for attempting to escape from the Lorton Reformatory, a federal maximum security facility.
 
 
 3
 Taylor's attorney filed a brief with this Court which raised the above-named claims and certified that there were no other meritorious issues to appeal, pursuant to Anders v. California, 386 U.S. 738 (1967).[1]
 
 
 4
 Trial testimony established that after a Lorton correctional officer saw two unidentified prisoners on the roof of cell block 4 during the early morning hours of September 4, 1989, he notified his superiors that he suspected an escape attempt was in progress. Another officer testified that he saw Taylor and another inmate, Reginald Yelverton, both of whom he could readily identify by sight, jump off the roof and land only a few feet away from him.
 
 
 5
 When the officer called out to Taylor, Taylor fled into his cell block. Minutes later, both Yelverton and Taylor were apprehended. A dummy made of clothes was found in Taylor's bunk, and a 75-foot rope made of bed sheets was found in the yard adjoining the cell block. Taylor presented an alibi defense based on his own testimony and that of fellow inmate James Murray.
 
 
 6
 Taylor's first claim challenges the sufficiency of the evidence. The elements of attempt are: (1) culpable intent and (2) a substantial step toward the commission of the crime that is strongly corroborative of the intent. United States v. Pelton, 835 F.2d 1067 (4th Cir.1987), cert. denied, 486 U.S. 1010 (1988).
 
 
 7
 When reviewing the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). The government is entitled to the benefit of all reasonable inferences from the facts proven to those it seeks to establish. Id.
 
 
 8
 There is ample evidence to support Taylor's conviction. The identification of Yelverton and Taylor by a correctional officer moments after they jumped off the roof, their flight after being identified, and the discoveries of a dummy in Taylor's cell and of a 75-foot rope in the adjoining yard, when viewed in the light most favorable to the prosecution, support the jury's conclusion that Taylor both intended to escape and took a substantial step in furtherance of that goal. Therefore, this claim is dismissed.
 
 
 9
 Taylor also challenges the two-level adjustment he received for obstruction of justice based on the district court's finding that he had committed perjury at trial. A court may make an adjustment for obstruction of justice based on its finding that a defendant gave untrue testimony. See United States v. Hamilton, 929 F.2d 1126 (6th Cir.1991); United States v. Matos, 907 F.2d 274 (2d Cir.1990). Here, the district court found that Taylor testified falsely at trial and solicited the false testimony of another witness. That finding is not clearly erroneous and such conduct clearly supports the obstruction adjustment. See U.S.S.G. Sec. 3C1.1, application note 1.
 
 
 10
 As required by Anders, we have independently reviewed the entire record and considered all other arguable issues presented by this record. Because we conclude that there are no nonfrivolous grounds for this appeal, we affirm Taylor's conviction.
 
 II
 
 11
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that an appointed attorney inform his client in writing of his right to petition the Supreme Court for a writ of certiorari. See Plan of the United States Court of Appeals for the Fourth Circuit in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A). If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client.
 
 
 12
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Counsel has also moved to withdraw from further representation of Taylor. We deny that request