**UNITED STATES of America,
Plaintiff Appellee,**

v.

**Sharon DUNNIGAN, Defendant
Appellant.**

No. 90–5668.

United States Court of Appeals,
Fourth Circuit.

Nov. 15, 1991.

Dissenting Opinion of Circuit Judge
Wilkins Nov. 27, 1991.

Brent E. Beveridge, Morgantown, W.Va., argued for defendant-appellant.

Michael M. Fisher, Asst. U.S. Atty., argued (Michael W. Carey, U.S. Atty., Hunter P. Smith, Asst. U.S. Atty., on brief), Charleston, W.Va., for plaintiff-appellee.

### CORRECTED ORDER

The appellee filed a petition for rehearing with suggestion for rehearing in banc. A member of the Court requested a poll on the suggestion for rehearing in banc. The poll failed by an evenly-divided vote. Circuit Judges Widener, Wilkinson, Wilkins, Niemeyer, Hamilton, and Luttig voted to rehear the case in banc, and Circuit Judges Ervin, Russell, Phillips, Murnaghan, Sprouse, and Hall voted against rehearing in banc.

The original judicial panel voted to deny the petition for rehearing.

The Court denies the petition for rehearing and suggestion for rehearing in banc.

Entered at the direction of Circuit Judge Hall, with the concurrence of Circuit Judge Phillips and Judge Williams, U.S. District Judge, sitting by designation. Circuit Judge Wilkins reserves the right to file a dissenting opinion to the denial of the suggestion for rehearing in banc.

WILKINS, Circuit Judge, dissenting:

The panel opinion holds that a sentencing enhancement for obstruction of justice based upon a defendant's perjury at trial, *see* United States Sentencing Commission, *Guidelines Manual,* § 3C1.1 (Nov.1989), constitutes an intolerable burden on a defendant's right to testify.[1] *United States v. Dunnigan,* 944 F.2d 178 (4th Cir.1991). The panel reasons that the potential for an obstruction enhancement would impermissibly chill a defendant's right to testify and

that section 3C1.1, as an automatic enhancement for which meaningful appellate review is unavailable, is antithetic to the sentencing enhancement for untruthfulness held permissible by the Supreme Court in *United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978). *Id.* All other circuits that have addressed this issue have upheld the constitutionality of section 3C1.1 "based on the premise that a defendant's right to testify in his own behalf is not a license to commit perjury." *Id.* at 183; *see, e.g., United States v. Batista–Polanco,* 927 F.2d 14 (1st Cir.1991); *United States v. Matos,* 907 F.2d 274 (2d Cir.1990); *United States v. Acosta–Cazares,* 878 F.2d 945 (6th Cir.), *cert. denied,* 493 U.S. 899, 110 S.Ct. 255, 107 L.Ed.2d 204 (1989); *United States v. Fiala,* 929 F.2d 285 (7th Cir.1991) (dicta); *United States v. Wagner,* 884 F.2d 1090 (8th Cir. 1989), *cert. denied,* 494 U.S. 1088, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990); *United States v. Barbosa,* 906 F.2d 1366 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 394, 112 L.Ed.2d 403 (1990); *United States v. Keys,* 899 F.2d 983 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 160, 112 L.Ed.2d 125 (1990); *United States v. Wallace,* 904 F.2d 603 (11th Cir.1990) (per curiam). Because I believe that the rationale of the panel is wrong, and because the panel opinion creates a split in the circuits,[2] I respectfully dissent.

### I.

### A.

In the pre-guidelines case *United States v. Grayson,* the Supreme Court addressed whether the district court erred in considering at sentencing that the defendant had testified falsely during his trial. 438 U.S. 41, 98 S.Ct. 2610. Grayson argued that the

---

1. *Dunnigan* does not prohibit application of the enhancement to a defendant who, for example, suborns the perjury of others or lies to judicial or law enforcement personnel. It is ironic that the panel forbids the application of the enhancement to a defendant who commits perjury, but would permit its application to a defendant who lies to a probation officer in an unsworn interview.

2. Not only does the panel adopt a position at odds with every circuit that has addressed this question, but it does so on a constitutional basis, thereby preventing the United States Sentencing Commission from using its authority, acknowledged in *Braxton v. United States,* to resolve the conflict. —— U.S.——, 111 S.Ct. 1854, 1857–58, 114 L.Ed.2d 385 (1991).

sentencing enhancement violated his right to due process because it "constitute[d] punishment for the crime of perjury for which he ha[d] not been indicted, tried, or convicted." *Id.* at 52, 98 S.Ct. at 2616. Additionally, Grayson contended "that permitting consideration of perjury [in fashioning an appropriate sentence] will 'chill' defendants from exercising their right to testify on their own behalf." *Id.*

The Court rejected both arguments. *Id.* at 53–55, 98 S.Ct. at 2617–18. The Court concluded that a defendant's right to testify is "the right to testify truthfully in accordance with the oath," and stated:

> Assuming, *arguendo*, that the sentencing judge's consideration of defendants' untruthfulness in testifying has any chilling effect on a defendant's decision to testify falsely, that effect is entirely permissible. There is no protected right to commit perjury.

*Id.* at 54, 98 S.Ct. at 2617. The Court also discussed the corollary argument that the consideration of perjury at sentencing will inhibit a defendant's right to testify truthfully. This argument, the Court found, was "entirely frivolous." *Id.* at 55, 98 S.Ct. at 2618. Thus, the Court directly repudiated the rationale, upon which the panel relies, that consideration of a defendant's false trial testimony in fashioning a sentence is an undue burden on a defendant's right to testify.

### B.

The panel attempts to avoid the result mandated by *Grayson* by concluding that the justification underlying the *Grayson* decision is not present under guideline sentencing. Additionally, the panel endeavors to distinguish *Grayson* by maintaining that the section 3C1.1 enhancement is the type of automatic enhancement rejected by the Court in *Grayson*. These efforts cannot withstand scrutiny.

The panel reasons that the stated justification underlying the *Grayson* decision— that consideration of a defendant's untruthfulness may provide the sentencing court guidance as to a defendant's "need for rehabilitation and society's need for protec-

tion," *id.* at 53, 98 S.Ct. at 2617—is not present in the guidelines, which "deem a denial of guilt on the stand 'obstruction of justice.'" *Dunnigan,* 944 F.2d at 184. This rationale is incorrect. In promulgating the sentencing guidelines, the Sentencing Commission sought to "further the basic purposes of criminal punishment, *i.e.,* deterring crime, incapacitating the offender, providing just punishment, and rehabilitating the offender." U.S.S.G. Ch. 1, Pt. A(2), intro. comment. Perjured testimony by a defendant is an equally appropriate consideration in sentencing under the philosophies of sentencing recognized in *Grayson* and the sentencing guidelines.

Next, the *Dunnigan* panel characterizes the obstruction guideline as supplying "precisely the 'wooden or reflex' enhancement disclaimed by the [*Grayson* ] Court." *Dunnigan,* 944 F.2d at 184 (quoting *Grayson,* 438 U.S. at 55, 98 S.Ct. at 2618). The panel posits that a defendant knows that he is "less likely to be acquitted if he remains silent, despite his right to do so and even in the face of instructions to the jury to draw no adverse inference from his silence." *Id.* at 183. Additionally, the panel submits that a defendant who wishes to testify on his own behalf must weigh the potential consequences of remaining silent against the possibility that otherwise inadmissible evidence will be introduced to impeach his credibility if he chooses to testify. *Id.* The panel concludes that if an "automatic" enhancement for obstruction of justice is imposed when a defendant testifies and is nevertheless convicted, the burden would be too great and "the defendant may not think testifying worth the risk." *Id.* at 184.

This reasoning illustrates a misconception on the part of the panel as to the nature and proper application of section 3C1.1. The obstruction enhancement is not designed "to punish a defendant for the exercise of a constitutional right." U.S.S.G. § 3C1.1, comment. (n.1). Nor is it designed to apply automatically in the case of a defendant who testifies in his own defense but is nevertheless convicted.

Section 3C1.1 provides:

If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1. This guideline is not to be applied indiscriminately to every defendant who testifies and is ultimately convicted. A defendant may testify to matters not directly related to factual guilt or innocence. For example, a defendant may present evidence attempting to establish excuse—self-defense, duress, mistake of law or fact—that even if true may not legally exculpate him or prevent a jury from finding him guilty. Only when a district court, viewing the testimony in the light most favorable to the defendant, determines that the testimony was false and constituted a willful obstruction of justice, should the district court impose the section 3C1.1 enhancement. U.S.S.G. § 3C1.1, 3C1.1, comment. (nn. 3(c), 2).

The panel attempts to support its assertion that the enhancement is automatic by contending that effective redress at the appellate level for improper application of the guideline is unavailable. Whether a defendant's testimony at trial was untruthful is reviewed under a clearly erroneous standard. *See United States v. Batista–Polanco,* 927 F.2d 14, 22 (1st Cir.1991); *United States v. Matos,* 907 F.2d 274, 276 (2d Cir.1990); *United States v. O'Meara,* 895 F.2d 1216, 1220 (8th Cir.), *cert. denied,* ––– U.S. –––, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990); *United States v. Wallace,* 904 F.2d 603, 605 (11th Cir.1990). The panel writes:

> [I]n light of the jury's verdict of guilt, the district court's finding will never be "clearly erroneous" where the verdict is sustainable; if the verdict cannot be supported, the sentencing finding will of course be moot.

*Dunnigan,* 944 F.2d at 185.

This argument fails for two reasons. First, it assumes that appellate courts are disinclined to engage in a thorough review of the challenged factual determinations as mandated by law. *See* 18 U.S.C.A. § 3742(e) (West Supp.1991). In practice, courts have uniformly rejected the mechanistic application of section 3C1.1 envisioned by the panel, evinced a willingness to undertake review of challenged factual determinations, and carefully considered the factual support for the findings of the district court, even when that result is ultimately upheld. *See, e.g., United States v. Lozoya–Morales,* 931 F.2d 1216 (7th Cir.1991) (vacating a section 3C1.1 enhancement when the district court applied it without making an independent finding of untruthfulness, and instead relied solely upon the jury's guilty verdict after the defendant had testified); *United States v. Martinez,* 922 F.2d 914 (1st Cir.1991) (rejecting argument by Government that an enhancement for role in the offense based on the possession of a key mandated an enhancement for obstruction because it necessarily followed that the defendant was lying when he denied ownership of the key at trial); *see also United States v. Rehal,* 940 F.2d 1 (1st Cir.1991) (enhancement proper when conclusion of the district court that defendant had testified untruthfully and had advised potential witnesses to change their stories or to refuse to cooperate with law enforcement personnel was not clearly erroneous); *United States v. Barry,* 938 F.2d 1327 (D.C.Cir.1991) (vacating section 3C1.1 enhancement that the district court had applied on the basis of perjured testimony); *United States v. Jackson,* 935 F.2d 832 (7th Cir.1991) (vacating an obstruction enhancement when the evidence indicated solely that the defendant did not tell everything he knew about a codefendant's criminal activity); *United States v. Bonds,* 933 F.2d 152 (2d Cir.1991) (per curiam) (basing a section 3C1.1 enhancement on the fact that defendant had changed his appearance after being served with a subpoena was improper, but basing it on a deliberate falsehood under oath was proper);[3] *Unit-*

---

**3.** In *Bonds,* the Second Circuit specifically noted that upholding the enhancement on the basis of perjured testimony "should not be interpreted as authorizing sentencing judges to impose obstruction of justice upgrades whenever a defen-

ed States v. Urbanek, 930 F.2d 1512 (10th Cir.1991) (reversing an obstruction of justice enhancement when the defendant made false statements, but none of the false statements could be shown to have impeded the investigation); *United States v. Hamilton*, 929 F.2d 1126 (6th Cir.1991) (enhancement for obstruction was proper when the evidence indicated that defendant had perjured himself repeatedly during his sentencing hearing); *United States v. Hassan*, 927 F.2d 303 (7th Cir.1991) (enhancement proper when the evidence indicated that defendant had lied repeatedly at detention and sentencing hearings). To date, not a single appellate court has affirmatively supported the type of automatic, mechanistic enhancement over which the panel expresses its concern.

Second, defendants who challenge factual determinations underlying section 3C1.1 have no greater burden than those challenging other factual findings. The position advanced by the panel is equally applicable to all factual determinations made by a sentencing court, findings that are subject to the clearly erroneous standard on review. While this burden may be difficult to meet, this fact does not render the finding constitutionally suspect. If this were a valid reason to prohibit the consideration of information that may adversely impact a defendant's sentence, all factual findings made by the sentencing court would be equally suspect. In the context of Chapter 3 of the guidelines, the victim-related adjustments in Part A and the adjustments for role in the offense in Part B, as well as the obstruction enhancement in Part C would be prohibited. *See* U.S.S.G. Ch. 3, Pts. A–C. Each of these adjustments requires that the district court make factual findings by a preponderance of the evidence that are subject to a clearly erroneous standard on review. A defendant who seeks to challenge the application of any of these adjustments has the same avenue of

redress and must meet the same burden. The enhancement for obstruction of justice should not be singled out in this respect.[4]

In summary, the panel cannot distinguish the use of perjured testimony to enhance a defendant's sentence under section 3C1.1 from the use approved in *Grayson*. The general policies underlying the use of the information in pre-guideline practice were not changed by guideline practice. Section 3C1.1 was not intended to be, nor has it been applied, as an automatic enhancement for all defendants who take the stand in their own defense but who are nevertheless convicted. The Supreme Court, in *Grayson*, rejected the argument that consideration of perjured testimony in determining an appropriate sentence would impermissibly chill a defendant's right to testify. The *Grayson* rationale is not distinguishable and should control.

## II.

Having dismissed controlling Supreme Court authority, the panel seeks to justify its conclusion that the potential for a section 3C1.1 enhancement will impermissibly chill a defendant's right to testify. The panel concludes, as noted above, that because a defendant must already weigh the potential consequences of one impermissible inference (guilt based on silence) against another (prior bad acts make it more likely that he committed this act), the addition of an "automatic" enhancement for obstruction of justice for a defendant who chooses to testify but is convicted would be too great a burden and would lead defendants to waive their right to testify. *Dunnigan*, 944 F.2d at 184–85. Aside from the faulty reasoning of the panel with respect to the issue of whether the enhancement is automatic, the argument that the application of section 3C1.1 would chill a defendant's exercise of this protected right is purely speculative.

dant has testified on his own behalf." 933 F.2d at 155.

**4.** When a case is appealed not by a defendant to protest an enhancement, but by the government to protest the failure by the court to apply one,

the government must meet this same burden. Under these circumstances, the clearly erroneous standard of review operates to a defendant's benefit.

Prior to the adoption of the sentencing guidelines, it was within the discretion of the sentencing court to enhance a defendant's sentence based upon a finding that the defendant had testified untruthfully at trial. Indeed, under pre-guideline practice the sentencing court could conclude that the sentence should be increased because of the defendant's perjured testimony, increase the sentence by such amount the court deemed appropriate, and then announce the sentence without providing any explanation or justification for it. Even before the *Grayson* decision, the majority of the courts of appeals addressing the question, including this court, had held that a defendant's untruthfulness at trial could be considered by the sentencing court in fashioning an appropriate sentence. *See, e.g., United States v. Moore,* 484 F.2d 1284 (4th Cir.1973); *United States v. Hendrix,* 505 F.2d 1233 (2d Cir.1974), *cert. denied,* 423 U.S. 897, 96 S.Ct. 199, 46 L.Ed.2d 130 (1975); *United States v. Nunn,* 525 F.2d 958 (5th Cir.1976); *United States v. Wallace,* 418 F.2d 876 (6th Cir.1969), *cert. denied,* 397 U.S. 955, 90 S.Ct. 987, 25 L.Ed.2d 140 (1970); *United States v. Levine,* 372 F.2d 70 (7th Cir.), *cert. denied,* 388 U.S. 916, 87 S.Ct. 2132, 18 L.Ed.2d 1359 (1967); *Hess v. United States,* 496 F.2d 936 (8th Cir.1974); *United States v. Cluchette,* 465 F.2d 749 (9th Cir.1972); *Humes v. United States,* 186 F.2d 875 (10th Cir.1951); *but see Scott v. United States,* 419 F.2d 264 (D.C.Cir.1969) (rejecting argument that perjury was probative of appropriate sentence). The obstruction guideline has not altered past practice in this respect. *See Barbosa,* 906 F.2d at 1369; *United States v. Beaulieu,* 900 F.2d 1537, 1539 (10th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 3252, 111 L.Ed.2d 762 (1990).

Because under pre-guideline practice the only limitation on the ability of a district court to use a defendant's perjured testimony to enhance his sentence was the statutory maximum penalty, it is illogical to assume that under guidelines practice a defendant may be chilled from exercising his right to testify because he faces the possibility of a two-level enhancement. On the contrary, it is equally plausible that a defendant, who previously confronted the possibility of a virtually unlimited increase in his sentence if he took the stand on his own behalf but was ultimately convicted, would now be *more* likely to exercise his right when the down-side risk he faces has been quantified and limited. For this reason, the contention that the possibility of a section 3C1.1 enhancement will chill a defendant's exercise of his right to testify is speculative at best.

### III.

The panel opinion improperly disregards Supreme Court precedent, exhibits fallacious reasoning, and creates a gratuitous split among the circuit courts of appeals. Therefore, I respectfully dissent from the order denying en banc consideration.

Circuit Judge WILKINSON, Circuit Judge NIEMEYER, and Circuit Judge LUTTIG join in this dissenting opinion.

