956 F.2d 263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Garry COPELAND, a/k/a Fat Garry, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Garry COPELAND, a/k/a Fat Garry, Defendant-Appellee.
 Nos. 90-5849, 90-5856.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1991.
Decided Feb. 28, 1992.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-90-42)
 Argued: Mary G. Commander, Goldblatt, Lipkin & Cohen, P.C., Norfolk, Va., for appellant; Charles Dee Griffith, Jr., Assistant United States Attorney, Norfolk, Va., for appellee.
 On Brief: Henry E. Hudson, United States Attorney, Paul G. Cassell, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before WIDENER, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Garry Copeland appeals his conviction of and sentence for attempt to possess cocaine with the intent to distribute, 21 U.S.C.A. §§ 841(a), 846 (West 1981 & Supp.1991), and unlawful use of a communications facility, 21 U.S.C.A. § 843(b) (West 1981). The Government cross-appeals the refusal of the district court to consider whether Copeland's distribution of heroin was relevant conduct properly included in calculating Copeland's offense level. See United States Sentencing Commission, Guidelines Manual, § 1B1.3(a)(2) (Nov. 1989). We affirm Copeland's conviction and find that the enhancement for obstruction of justice imposed by the district court was proper. Finding that the sentencing issue raised by the Government is now moot, its appeal is dismissed.
 
 I.
 
 2
 Gary Weathers was incarcerated following his conviction of federal drug offenses. In hopes of gaining a reduced sentence, Weathers cooperated with the Drug Enforcement Administration (DEA) in a sting operation directed at Copeland. Pursuant to DEA instructions, Weathers telephoned Copeland and requested that he sell cocaine for him to raise funds to assist Weather's wife in satisfying certain financial obligations. Through several recorded telephone conversations, Copeland agreed and Weathers instructed Copeland to meet a mutual friend who would deliver a quantity of cocaine to him.
 
 
 3
 Acting on instructions from DEA agents to create a package that would appear to Copeland to be cocaine, Weathers placed small baggies containing a total of approximately 500 grams of flour inside a brown paper bag. As arranged, Copeland met the mutual friend at a predesignated location and took possession of the package. Due to a radio malfunction, officers conducting surveillance of the transaction were unable to arrest Copeland at the scene. After concluding that he had been set up, Copeland flushed the flour down a toilet at his home.
 
 
 4
 Following his arrest, Copeland was taken to DEA headquarters in Norfolk, advised of his rights, and questioned about his drug activities. A DEA agent testified at trial, without objection, that during this questioning Copeland stated that he had believed he was receiving cocaine from Weathers. The agent also testified that Copeland related his long-term involvement in the distribution of illegal drugs with a wide variety of individuals.
 
 
 5
 During his trial testimony, Copeland admitted that he participated in the telephone conversations with Weathers and that he met a mutual friend at the predesignated location to receive a package. He testified, however, that he did not intend to receive cocaine. Rather, Copeland claimed that he was a professional gambler and thought that he was receiving a bankroll from Weathers. Copeland denied confessing to DEA agents and testified that he lied to the agents concerning his knowledge of other individuals involved in illegal drug transactions in order to obtain release on bond.
 
 
 6
 The Government cross-examined Copeland about 24 specific items of information involving illegal drug activity that he provided to DEA agents during the interrogation following his arrest. The district court permitted this line of questioning, over Copeland's objection, for the purpose of impeachment and pursuant to Federal Rule of Evidence 404(b) as evidence of Copeland's intent, knowledge, and absence of mistake in receiving what he believed to be cocaine. The court then gave a timely and appropriate limiting instruction to the jury. During rebuttal testimony, one DEA agent testified in detail concerning information about Copeland's past drug involvement disclosed by Copeland during his post-arrest interrogation. Another agent present during the questioning confirmed that Copeland admitted that he believed he was receiving cocaine from Weathers. Again, the district court permitted the testimony pursuant to Rule 404(b), over Copeland's objection, and gave a limiting instruction.
 
 
 7
 The presentence report stated that Copeland was a heroin broker and distributor who also occasionally dealt in cocaine. It recommended that Copeland's base offense level be calculated on the basis of the heroin Copeland had distributed in addition to 500 grams of cocaine that Copeland attempted to possess. The district court declined to consider evidence of the heroin distribution. The court did impose a two-level upward adjustment for obstruction of justice, finding that Copeland destroyed evidence and perjured himself during his trial testimony.
 
 II.
 
 8
 Copeland argues that the district court erred by permitting the DEA agent to testify about Copeland's past drug involvement. See Fed.R.Evid. 404(b). Although evidence of other crimes, wrongs, or acts is not admissible merely to prove a defendant's character "in order to show action in conformity therewith," Rule 404(b) permits the admission of such evidence "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. Evidence of prior bad acts is admissible if it is: "(1) relevant to an issue other than character, (2) necessary, and (3) reliable." United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988) (footnotes omitted). Evidence that meets these criteria may be excluded if its probative force is substantially outweighed by its prejudicial effect. A decision by the district court to admit evidence under Rule 404(b) will not be reversed on appeal "unless it was arbitrary or irrational." Id.
 
 
 9
 Testimony concerning Copeland's past drug activities was properly admitted under Rule 404(b). The evidence was relevant to the issues of criminal intent, knowledge, and lack of mistake in attempting to receive cocaine and tended to refute Copeland's claim that he earned his living as a gambler, an integral part of his defense. And, the evidence was undoubtedly necessary because intent was the central element at issue in the drug charge. The reliability of the officers' testimony has not been questioned, and the prejudicial effect of the testimony did not outweigh its probative value. Moreover, the danger of undue prejudice was minimized by the limiting instructions given by the district court. See United States v. Hadaway, 681 F.2d 214, 219 (4th Cir.1982).
 
 III.
 
 10
 The district court did not conduct a hearing to determine the voluntariness of Copeland's confession prior to admitting the testimony from DEA agents relating to Copeland's admission that he intended to receive cocaine from Weathers. Although Copeland did not request such a hearing or object to the testimony, he now contends that the failure by the district court to conduct a hearing on the voluntariness of the confession violated 18 U.S.C.A. § 3501(a) (West 1985). This statute provides:
 
 
 11
 In any criminal prosecution brought by the United States ... a confession ... shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness.
 
 
 12
 (Emphasis added.) Copeland argues that the statute is written in mandatory language and that because the district court did not rule on the issue of voluntariness, it was improper for the jury to have been allowed to consider the confession.
 
 
 13
 Although dicta from earlier cases appears to support Copeland's position, see, e.g., United States v. Inman, 352 F.2d 954, 956 (4th Cir.1965), this court recently held that section 3501(a) does not require a district court to conduct an evidentiary hearing and rule on the voluntariness of a confession unless a defendant objects to the introduction of the confession or requests a determination on the issue of voluntariness. United States v. Wilson, 895 F.2d 168, 173 (4th Cir.1990) (per curiam). Because there was no issue of voluntariness for the district court to resolve, it did not err in failing to raise sua sponte the voluntariness of the confession.
 
 IV.
 
 14
 The district court enhanced Copeland's base offense level by two levels for obstruction of justice, see U.S.S.G. § 3C1.1, finding that Copeland destroyed evidence and committed perjury during his trial testimony. Section 3C1.1 requires that a defendant's offense level be increased by two levels if he "willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense." We review the factual findings on which the district court based the enhancement only for clear error; however, we review de novo the interpretation and application of the guideline. See United States v. Saintil, 910 F.2d 1231, 1232-33 (4th Cir.1990).
 
 A.
 
 15
 Copeland first argues that the enhancement may not be imposed on the basis of a finding that he committed perjury during his trial testimony. In United States v. Dunnigan, 944 F.2d 178 (4th Cir.1991), reh'g denied, 950 F.2d 149 (4th Cir.1991), a panel of this court recently held that the imposition of an obstruction of justice enhancement based upon a defendant's perjured trial testimony is "an intolerable burden upon the defendant's right to testify in his own behalf." Id. at 185. Because this panel is bound by the prior panel's dictates, Dunnigan controls our disposition of this issue. Copeland's perjured trial testimony was, therefore, an improper basis for the obstruction of justice enhancement.
 
 B.
 
 16
 Copeland also contends that the enhancement is not supported by the finding of the district court that he destroyed evidence. Commentary to section 3C1.1 provides that "destroying or concealing material evidence, or attempting to do so" provides a basis for applying the enhancement. U.S.S.G. § 3C1.1, comment. (n.1(a)). Although conceding that he destroyed the flour, Copeland argues that the Government failed to make a showing that the flour would have been used as evidence at trial. We reject the notion that in order for the flour to constitute "evidence" within the meaning of the commentary to section 3C1.1 the Government must demonstrate that it would have offered the flour as a Government exhibit at trial had Copeland not destroyed it. We conclude that the question of whether the material destroyed is "evidence" focuses on whether the material tended to prove the charged conduct--not on whether the Government would have sought to admit the evidence at trial had it not been destroyed. We, therefore, affirm the district court finding that Copeland obstructed justice.[1]
 
 V.
 
 17
 In calculating Copeland's base offense level, the district court refused to determine whether certain alleged acts of heroin distribution were relevant conduct under U.S.S.G. § 1B1.3(a)(2). The Government appeals this ruling. We were advised at oral argument that during the pendency of this appeal Copeland was convicted of and sentenced to life imprisonment for the heroin distribution. See United States v. Copeland, No. CR-90-108-N-03 (E.D.Va. June 14, 1991), appeal docketed, No. 91-5071 (4th Cir. June 26, 1991). Because this issue is therefore moot, we need not address it.
 
 VI.
 
 18
 In summary, we find that the district court did not err in admitting evidence of Copeland's past drug involvement or in failing to rule on the voluntariness of Copeland's confession. The remainder of Copeland's attacks on his conviction were not raised before the district court and are, therefore, not properly before this court.[2] Although the obstruction of justice enhancement to Copeland's sentence was improperly based on his perjured trial testimony, the enhancement was nevertheless properly imposed on another basis. Consequently, we affirm Copeland's conviction and the sentencing issue raised in Copeland's appeal. We conclude that Copeland's subsequent conviction of and sentence for the heroin distribution the Government sought to show was relevant conduct renders moot the appeal by the Government. Accordingly, we dismiss the appeal by the Government.
 
 
 19
 AFFIRMED IN PART; DISMISSED IN PART.
 
 
 
 [1]
 Because the enhancement was properly imposed on one basis, we affirm. See United States v. Bonds, 933 F.2d 152, 154 (2d Cir.1991) (per curiam) (affirming enhancement imposed on two bases, one of which was found to have been in error). Additionally, Copeland's admission that he lied to DEA agents in order to obtain a release on bond also independently supports the adjustment. See United States v. Romulus, 949 F.2d 713 (4th Cir.1991)
 
 
 [2]
 Copeland claims that his right to due process was violated by outrageous conduct on the part of the Government and that the Government improperly withheld exculpatory evidence from him. Neither of these claims is meritorious or rises to the level of plain error. See United States v. Maxton, 940 F.2d 103, 105 (4th Cir.1991), cert. denied, 112 S.Ct. 398 (1991)