972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glinnon NORRIS, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Victor Morgan, Defendant-Appellant.
 Nos. 91-5678, 91-5686.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 4, 1992
Decided: August 6, 1992
 
 Appeals from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge. (CR-89-230)
 ARGUED: William Howard Martin, Charles Town, West Virginia, for Appellants.
 Sherry L. Muncy, Assistant United States Attorney, Elkins, West Virginia, for Appellee.
 ON BRIEF: J. Michael Benninger, Wilson, Frame & Metheney, Morgantown, West Virginia, for Appellant Morgan.
 William A. Kolibash, United States Attorney, Elkins, West Virginia, for Appellee.
 N.D.W.Va.
 Affirmed.
 Before ERVIN, Chief Judge, and WIDENER and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants, Glinnon Norris and his half-brother Victor Morgan, challenge their sentences for various counts of conviction arising from a drug conspiracy in Morgantown, West Virginia.[1] Finding no error, we affirm.
 
 
 2
 * A detailed recitation of the facts as they pertain to Morgan is reported at Morgan, 942 F.2d at 244-45. Briefly, Norris, who was at the head of the conspiracy, directed distribution activities through Morgan, Chuck Jefferson, Beverly Jefferson, Wayne Phillips and David Hilliard. At times, Norris possessed weapons during drug transactions, and on one occasion fired shots into a wooded area to clear the area of potential onlookers, including drug-enforcement agents. Appellants were charged in a fourteen-count superseding indictment stemming from a conspiracy to distribute cocaine base ("crack") from July 1989 to September 1989. Norris was charged with and convicted of various violations of 21 U.S.C.ss 841(a)(1), 845a(a)[2] and 846 including: conspiracy to possess with intent to distribute and to distribute crack (count one), distribution of crack (counts two and three), possession with intent to distribute crack (count four) and distribution of crack within 1,000 feet of a protected area (counts nine, eleven, twelve and thirteen). Norris was also convicted of perjury in violation of 18 U.S.C. § 1623 (count fourteen), but this conviction was later dismissed by the district court.[3]
 
 II
 
 3
 The district court found that Norris was accountable for 16.715 grams of crack, which placed Norris' base offense level at twenty-six. The district court enhanced Norris' base offense level: two levels for selling near a protected area, two levels for possession of a gun during the commission of a drug offense, three levels for his role in the offense, and two levels for obstruction of justice, thus arriving at a total base offense level of thirty-five. Finding that Norris' criminal history category was VI, the district court sentenced Norris to 290 months' imprisonment. See Part II, D infra. Norris challenges his sentence on numerous grounds. We shall address each in turn.
 
 
 4
 * Norris argues that the district court erred in assessing a two-level enhancement for possessing a gun during the commission of a drug trafficking crime under U.S.S.G. § 2D1.1(b)(1). Our review is subject to the clearly erroneous standard. United States v. Apple, 915 F.2d 899 (4th Cir. 1990). More specifically, Norris argues that the possession of the weapon was not connected to any of his crimes of conviction. The record simply belies this assertion.
 
 
 5
 U.S.S.G. § 2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense." The enhancement applies unless "it is clearly improbable that the weapon was connected with the offense." Id., comment. (n.3). Under count one, Norris was convicted of conspiracy to possess with intent to distribute and to distribute crack in violation of 21 U.S.C. §§ 841(a)(1) and 846. In furtherance of the conspiracy, Norris and Morgan conducted a drug transaction in a wooded area in which Norris fired shots into the woods to ensure that "Bob Clarke's boys" were not observing the transaction.[4] This type of activity is clearly intimated by the provision for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense," U.S.S.G. § 2D1.1(b)(1), and we cannot conclude that "it is clearly improbable that the weapon was connected with the offense." Id., comment. (n.3); United States v. Rusher, No. 91-5375, slip op. at 18 (4th Cir. June 3, 1992). Thus, the district court's finding that Norris possessed a firearm during the commission of a drug offense, here conspiracy, is not clearly erroneous.[5]
 
 B
 
 6
 We also review Norris' argument that the district court erred in assessing a three-level enhancement for his role in the offense pursuant to U.S.S.G. § 3B1.1(b) under the clearly erroneous standard. United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 111 S. Ct. 432 (1990).
 
 
 7
 U.S.S.G. § 3B1.1(b) provides for a three-level enhancement "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive...." The evidence at trial established that Morgan, Chuck Jefferson, Beverly Jefferson, Wayne Phillips and David Hilliard distributed crack for Norris. The district court concluded that "He [Norris] was the boss. There was no question." We agree with the district court's conclusion that"because of his [Norris'] supervisory position in criminal activities involving at least five other people," Norris was subject to the three-level enhancement under U.S.S.G. § 3B1.1(b).
 
 C
 
 8
 Norris also argues that the district court's finding assessing a twolevel enhancement for obstruction of justice was clearly erroneous. U.S.S.G. § 3C1.1 provides:
 
 
 9
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during investigation, prosecution, or sentencing for the instant offense, increase by 2 levels.
 
 
 10
 The Commentary to this section provides a non-exhaustive list of conduct falling within the realm of this section, including "committing, suborning, or attempting to suborn perjury" and"providing materially false information to a judge or magistrate." U.S.S.G. § 3C1.1, comment. (n.3(b) & (f)). "A wide range of conduct falls within the parameters of this section." United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991).
 
 
 11
 The record is clear that Norris unquestionably lied regarding his military history at two preliminary hearings and at trial in order to obtain pretrial release and bolster his credibility at trial. The district court found Norris' false protestations material and we cannot, based on the record before us, conclude that this finding was clearly erroneous. This case is closely akin to United States v. Romulus, 949 F.2d 713 (4th Cir. 1991), cert. denied, 112 S. Ct. 1690 (1992). In Romulus, we upheld the enhancement for obstruction of justice where the defendant provided false information at a bond hearing in order to gain pretrial release. 949 F.2d at 717.
 
 
 12
 Even though the enhancement, in part, was premised on Norris' trial testimony, we do not perceive any intrusion here on our holding in United States v. Dunnigan, 944 F.2d 178 (4th Cir.), modified, 950 F.2d 149 (4th Cir. 1991), cert. granted, 60 U.S.L.W. 3798 (U.S. 1992). In Dunnigan, we held that an enhancement of defendant's sentence for obstruction of justice based on the district court's finding that the defendant testified untruthfully at trial placed an intolerable burden on his right to testify on his own behalf. Instrumental, if not critical, to the decision in Dunnigan was our "fear that this enhancement will become common-place punishment for a convicted defendant who has had the audacity to deny the charges against him," id. at 183, and our concern "that an innocent defendant with prior convictions must weigh the jury's likelihood of drawing one impermissible inference (guilt by silence) against another (guilt by propensity) in deciding whether to testify." Id. at 184. Here, Norris' untruthfulness was simply unrelated to his denial of guilt as to the charges pending against him and thus our concerns expressed in Dunnigan are eviscerated. Accordingly, we conclude that the enhancement was proper.
 
 D
 
 13
 Norris' final assignment of error alleges that Judge Merhige should have recused himself at Norris' third sentencing hearing. Here we apply the abuse of discretion standard of review. United States v. Carmichael, 726 F.2d 158 (4th Cir. 1984). Norris appeared before the district court three times for sentencing. At his first sentencing, Norris was sentenced to 290 months' imprisonment (base offense level thirty-five, criminal history category VI) for convictions of perjury, conspiracy and related drug charges. Because the perjury charge was later dismissed, a second sentencing hearing was necessary.
 
 
 14
 At the second sentencing hearing, Norris was sentenced to 292 months, the correct minimum employing a base offense level of thirty-five, criminal history category VI. In addition, the district court failed to allow Norris to allocute, and this necessitated a third sentencing hearing. Finally at the second sentencing, Norris expressed dissatisfaction with counsel and thought that he had been"railroaded" by the judicial system.
 
 
 15
 Between the second and third sentencing hearing, Norris filed a motion to disqualify Judge Merhige from further participation in the proceedings. At the third sentencing hearing, although recognizing that the minimum sentence for a base offense level of thirty-five and a criminal history category VI was 292 months and not 290 months, the district court nevertheless sentenced Norris to 290 months on equity concerns.
 
 
 16
 Norris' main contention here is that the district court's impartiality may be questioned from his increased sentence from the 290 months imposed at the first sentencing to the 292 months imposed at the second sentencing and from the district court's allegedly purposeful denial of his right to allocution at his second sentencing. None of the claims bears any merit. There is nothing in the record to support Norris' contention that the district court's impartiality might be reasonably questioned and thus we perceive no abuse of discretion. 28 U.S.C. § 455(a); In Re Beard, 811 F.2d 818 (4th Cir. 1987); Rice v. McKenzie, 581 F.2d 1114 (4th Cir. 1978).
 
 III
 
 17
 Appellant Morgan challenges the district court's finding that he was responsible for 10.675 grams of crack for his role in the conspiracy. What amounts are attributable to Morgan is a question of fact reviewed under the clearly erroneous standard. United States v. Vinson, 886 F.2d 740 (4th Cir. 1989), cert. denied, 110 S. Ct. 878 (1990). Employing the drug quantity table, U.S.S.G.s 2D1.1(a)(3), the district court established Morgan's base offense level at twentysix after it concluded that Morgan was responsible for 10.675 grams of crack. The district court enhanced Morgan's base offense level two levels for possession of a firearm during the commission of a drug offense. At sentencing, Morgan argued that, at most, he was accountable for 6.18 grams of crack, but he objected to the additional 4.5 grams. Morgan's claim here simply lacks merit. The 6.18 grams that Morgan admitted to would have established his base offense level at twenty-six. Thus, even if there had been any error in the determination as to the amount of crack for which Morgan was accountable, and we do not suggest there was, such error was harmless because Morgan's offense level would have remained the same regardless of whether the additional 4.5 grams were included or not. Fed. R. Crim. Proc. 52(a); see Williams v. United States, 112 S. Ct. 1112, 1120-21 (1992) (harmless error applied where error did not affect sentencing court's selection of sentence).
 
 
 18
 Accordingly, appellants' sentences are affirmed.
 
 AFFIRMED
 
 
 [1]
 This is Morgan's second appeal to this court. His first appeal is reported at United States v. Morgan, 942 F.2d 243 (4th Cir. 1991). There we upheld Morgan's conviction but remanded for resentencing on the issue of the amount of drugs attributable to him
 
 
 [2]
 21 U.S.C. § 845a has been reclassified as 21 U.S.C. § 860
 
 
 [3]
 Morgan was charged with and convicted of conspiracy to possess with intent to distribute and to distribute crack in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one) and aiding and abetting distribution of crack in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (counts two and three)
 
 
 [4]
 During this conspiracy, Bob Clarke was the Resident Agent in Charge of the Morgantown, West Virginia, federal Drug Enforcement Agency
 
 
 [5]
 We have previously upheld Morgan's two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) on the theory that the "enhancement properly applies when a defendant has knowledge of his coconspirator's possession of a firearm during acts furthering the conspiracy." Morgan, 942 F.2d at 246-47 (citation omitted)